M. P. PURNELL v. VAUGHAN, BARNES & CO.

*Mortgage Deed--Sale Under Power--Injunction.*

Where there have been mutual dealings between the parties, several
mortgages given and the balance due from the mortgagor is in dispute;
*Held*, that a sale advertised under the power in the mortgage should be
enjoined until the balance due is ascertained and declared by a decree
of Court.

(*Capehart* v. *Biggs & Co.*, *ante*, 261, cited and approved.)

. MOTION for an Injunction heard at Chambers in Halifax
on the 29th of May, 1877, before *Buxton, J.*

The plaintiff executed two mortgage deeds to the defend-
ants conveying certain land and chattel property to secure
advancements for agricultural purposes, and alleged that the
defendants had failed to comply with their part of the agree-
ment.   The defendants instituted proceedings to sell the
crops by virtue of a power in the mortgage; and upon affi-
davit of the plaintiff that he was not indebted to the de-
fendants, there was an order stopping the sale.   An action
of claim and delivery was then commenced by the defend-
ants and is still pending; and the defendants also advertised
to sell the land, &c., under the power of sale.   It was further
alleged that the interest claimed by virtue of said agreement
was usurious, and that the matters in controversy between
the parties were not determined, nor the amount due upon
the mortgage ascertained.   Wherefore the plaintiff asked
for an order restraining the defendants from selling said
property.

It appearing from the complaint and answer, exhibits and
affidavits in the case. that there had been mutual dealings
between the parties, and several mortgages given to secure
balances on account, extending over several years, His Honor
held that the sale under the mortgage should not be had

until the balance due thereon was ascertained and declared by a decree of Court. The motion for the injunction was allowed upon the condition that the plaintiff agree in writing to release all claim for forfeiture and penalty on account of usury, and to pay the balance, if any, which may be found against him at six per cent interest thereon. From this judgment (imposing the condition as above) the plaintiff appealed.

*Messrs. W. H. Day, J. B. Batchelor* and *R. B. Peebles*, for plaintiff.

*Messrs. Conigland & Burton* and *Mullen & Moore*, for defendants.

PEARSON, C. J. This case is stronger than *Capehart* v. *Biggs, ante*, 261. Here we have an unascertained balance due upon the mortgage, to say nothing of the charge of usury ; the fact of an action pending for damages by reason of a failure on the part of the defendants to comply with their part of the agreement ; and the fact that the power to sell the land is subject to the conditions precedent, to-wit ; that the balance due is not met by a sale of the crop, and by a sale of the property contained in the chattel mortgage.

The proceeds of the sale of the crop is stopped by an order still pending. The sale of the horses, mules, &c., under the chattel mortgage is stopped by an injunction still pending. In despite of these actions now pending the defendants seek to cut the "gordian knot," by a sale of the land under the power in the mortgage deed. This cannot be allowed.

No error.

PER CURIAM.                                        Judgment affirmed.