Z. W. WHITEHEAD v. E. J. HALE.

*Practice in Application for Receiver — Findings of Facts—Legal Discretion—Insolvency of Mortgagor— Claim and Delivery.*

1. In applications for a receiver the judge below is presumed to have found the facts in accordance with the contention of the party in whose favor he decided. He need not find the facts specifically unless the losing party requests him to do so.

2. A receiver will not be appointed in an action to foreclose a mortgage on a newspaper when the defendant denies owing anything on the mortgage debt, and it is apparent that, owing to the peculiar nature of the property, the appointment of a receiver would practically destroy its value.

3. The appointment of a receiver is not a matter of positive right, but rests in the sound legal discretion of the judge, who will take into consideration the nature of the property and the effect of granting or refusing such an application upon the material interests of the respective parties to the controversy.

4. Insolvency of the mortgagor is not of itself a sufficient ground for the appointment of a receiver to take charge of mortgaged chattels.

5. Actions of claim and delivery for mortgaged personalty rest on a different footing from applications for a receiver; as the mortgagor is protected by the bond required in claim and delivery.

This was a CIVIL ACTION, brought to obtain judgment on the notes of the defendant, and for the foreclosure of a mortgage alleged to have been given to secure said notes, heard before *Norwood, J.*, at May Term, 1895, of the Superior Court of CUMBERLAND County, on a motion by the plaintiff for a receiver, said motion being based on the complaint, answer, reply and the affidavit of the plaintiff and defendant respectively.

The motion for the appointment of a receiver was refused, and the plaintiff excepted and appealed to the Supreme Court. The material facts appear in the opinion of Associate Justice CLARK.

*Messrs. N. A. Sinclair* and *W. E. Murchison*, for plaintiff (appellant).

*Mr. N. W. Ray*, for defendant.

CLARK, J.: This action is brought for the foreclosure of a mortgage upon a newspaper, together with its press, type, subscription list, &c., including its good will. The defendant, while admitting that the mortgage had been executed, denies that there is any balance due on the same, and alleges on the contrary that the plaintiff is indebted to him, and asks for an account and a cancellation of the mort-

gage.    Under these circumstances the court not only would
not decree a foreclosure till the balance due, if any, was
ascertained, but would enjoin any attempt to sell under a
power of sale in the mortgage until the account had been
stated.    *Purnell* v. *Vaughan*, 77 N. C., 268 ; *Pritchard* v.
*Sanderson*, 84 N. C., 299 ; *Pender* v. *Pittman*, *Ibid.*, 372.
But the plaintiff goes further and asks that the property
be taken out of the control of the defendant, pending the
litigation, by placing it in the hands of a receiver.    Inas-
much as the answer of the defendant, if true, negatives any
lien or interest of the plaintiff as to the property, this
would be a strong measure to grant the plaintiff, as he
offers no indemnity, as he would have done had he pro-
ceeded by claim and delivery, for the damage which might
be done the defendant if the plaintiff's claim should prove
unfounded.    To grant such motion without due caution
might put it in the power of an irresponsible or reckless
mortgagee to ruin a mortgagor's business, though no
balance is due on the mortgage.    Whether a receiver shall
be appointed in any case is left therefore largely to
the sound judgment of the presiding judge who will
take into consideration all the circumstances, includ-
ing the nature of the property and its likelihood to
be destroyed or spirited away during the litigation,
and the probability on the other hand of its value being
seriously impaired by its being placed in the hands of a
receiver, as would be particularly the case with a news-
paper whose value so largely depends upon its good will
and the personal characteristics of the editor and the policy
he pursues, as is well pointed out by AVERY, J., in *Cowan*
v. *Fairbrother*, at this Term.    The appointment of or
refusal to appoint a receiver is, like every judgment below,
presumed to be correct, and the burden is on the appellant
to show error.    The judge in this class of cases is presumed

to have found the facts in accordance with the contention of the party in whose favor he decided the motion, and need not find the facts specifically unless the losing party requests him to do so. *Milhiser* v. *Balsley*, 106 N. C., 433 ; *Holden* v. *Purefoy*, 108 N. C., 163 ; *Parker* v. *Mc-Phail*, 112 N. C., 502 ; *Delafield* v. *Construction Co.*, 115 N. C., 21. The rule is thus clearly stated by SHEPHERD, J., in *Holden* v. *Purefoy, supra :* " No findings of fact accompany the several affidavits, nor does it appear that the appellant requested that such findings should be made. If he had desired the ruling of this Court upon any particular view of the facts, he should have asked for a finding of the same, but as he failed to do so, we must assume, in the absence of any specific exception, that his objection is based on the ground that, taking as true that view of the testimony most favorable to the appellee, the latter as a matter of law would not be entitled to relief." This is a reasonable rule and has been so held, by repeated decisions, several of which are above cited. This ruling does not apply to injunction proceedings, which stand on a different footing.

In the present case there was no request by the appellant that the judge should find the facts, and we must take them to be as set out in the affidavits filed by the appellee. On turning to the affidavits we find it testified by the defendant, and not denied by the plaintiff, that to appoint a receiver " would be positively to destroy absolutely its value and render the property in controversy in this action worthless as a newspaper." Owing to the peculiar nature of this species of property, and the important part its good will and the capacity and policy of the editor, especially if a man of talent and popularity and of strong individuality, have in giving it value, it can be readily seen that appointing a receiver to take charge of the paper,

with power to change the editor or control its policy,
might, and in many cases would, destroy all its value,
beyond the slight value attached to the possibly well-worn
type and press.    To appoint a receiver even of realty, or
of a railroad or the like, is to be done with caution, (*Lum-
ber Co.* v. *Wallace,* 93 N. C., 22,) though in such cases the
value does not (as is the case with a newspaper) depend
upon the popularity of the owner or manager and the good
will which is so largely personal to him.    The allegation
that to appoint a receiver would be to destroy the prop-
erty absolutely as a newspaper, i. e. all the property
beyond the slight value of the worn type and press, &c.,
not being denied, must be taken as true.    Why, then,
appoint a receiver, when to do so could not benefit the
plaintiff, even if his contention is right, and would be an
irreparable wrong to the defendant if his contention that
the plaintiff is in fact indebted to him be true ?    As a
ground for relief, the plaintiff, who makes his affidavit in
Washington City, alleges on information that the property
is depreciating in the hands of the defendant.    This, if
true, would not be as hurtful as the utter destruction of
the newspaper property by the appointment of a receiver,
which the plaintiff does not deny.    The defendant, how-
ever, in his affidavit denies that the property has depreci-
ated, but on the contrary avers that it has doubled in
value and is steadily appreciating in his hands.    This, we
take it, means not only additions to the subscription list,
advertising patronage and good will, but, from the nature
of a newspaper office, the constant substitution of new
type for the old which from time to time becomes worn
out and useless.    The judge below might have considered
that the plaintiff, a non-resident, was swearing upon
hearsay " information and belief," as he states, and that
the defendant was testifying to facts within his daily and

direct knowledge. But however that may have been, we must conclude upon the authorities above cited that the court below, in the absence of a request to find the facts, found this and all other controverted points in favor of the appellee, and we are bound by such finding.

It is true that the plaintiff alleged that the defendant was insolvent, and this the defendant admitted, but there is no allegation that the defendant intends to run off with or conceal or destroy the property, and the only possible bearing which the allegation of insolvency could have is in connection with the other allegation, (which is found against the plaintiff,) that the property is depreciating, and thus the security is being impaired. The allegation of the defendant's insolvency and poverty, taken alone, is not sufficient ground to take the property out of his hands, which he avers is his own, free from any legal claim of the plaintiff, especially when the effect of the judge's ruling is, as we have seen, that the security is not being impaired, but in truth has doubled in value and is steadily increasing in worth, and that, in fact, to appoint the receiver would be really to destroy the chief value of the property. 20 Am. & Eng. Encyc., 39, and Notes 1 and 2. Upon a proper state of facts a receiver can be appointed of a newspaper, as well as of other property, but, upon the peculiar state of facts found in this case, to appoint a receiver would be a great injury to the defendant and no benefit to the plaintiff, and the judge below properly left the property in the hands of the defendant until a jury could pass upon the controverted issue of fact, whether the plaintiff has any sum due him for which he can ask a decree of foreclosure.

No Error.