ETHEL LITZ ROYALL, WILLIAM C. CARR AND FRANCES E. CARR v. CARR LUMBER COMPANY, INC.

(Filed 24 September, 1958.)

**1. Corporations § 27—**

The superior court has authority, in the exercise of its discretion, under G.S. 55-125(a) (4), to order the liquidation of a corporation upon application of a stockholder alleging that the corporation had been operating at a loss and that to allow it to continue operations would deplete its assets and seriously damage the shareholders.

**2. Same—**

Where, upon a hearing of an application for liquidation of a corporation upon grounds set forth in G.S. 55-125(a) (4), there is no request for findings of fact and the court orders the liquidation of the corporation without making specific findings, it will be presumed that the court accepted as true for the purposes of the order the facts alleged in the complaint, used as an application for receivership.

**3. Appeal and Error § 49—**

Where there is no request for findings of fact and the court makes no specific findings, it will be presumed that the court accepted as true for the purposes of its order the facts alleged in the pleading which support the order.

PARKER, J., took no part in the consideration or decision of this case.

APPEAL by interveners from Pless, J., Resident Judge of the Twenty-ninth Judicial District, at Chambers in Marion, June 21, 1958. From TRANSYLVANIA.

Civil action by minority group of shareholders to liquidate the defendant corporation, heard below on motion of intervening shareholders to vacate order appointing receivers.

The defendant is a solvent corporation, organized and existing under the laws of North Carolina. For many years it has been engaged in the lumber manufacturing business, with office and principal place of business in  Transylvania County. The plaintiffs own 13.8% of the outstanding common stock and the interveners own 78.3% thereof.

The action was instituted May 19, 1958, on which day the defendant

was cited to appear before Judge Farthing and show cause why the court should not order liquidation and appoint a receiver to take over the assets of the corporation in accordance with the allegations and prayers of the complaint.

The show cause order came on for hearing June 3, 1958, in Hendersonville, when and where Judge Farthing entered an order containing these essential recitals and adjudications:". . . during the hearing the parties having announced that the motion (for liquidation and receivership) should be granted by consent, and that Ralph H. Ramsey, Jr. and Monroe M. Redden be appointed receivers, IT IS THEREFORE, BY CONSENT AND IN THE DISCRETION OF THE COURT, ORDERED, ADJUDGED AND DECREED that Ralph H. Ramsey, Jr. and Monroe M. Redden be, and they hereby are appointed permanent receivers of the defendant corporation with authority to take over the assets of the defendant and liquidate the same in the manner provided by law; . . ." The consent stipulation appearing below the Judge's signature was signed by Thomas R. Eller, Jr. and Redden, Redden & Redden, as attorneys for the plaintiffs, and by Ramsey & Hill and Anthony Redmond, as attorneys for the defendant.

Thereafter, Henry F. Carr and other shareholders filed petition and motion requesting leave to intervene in the cause, and moved the court to vacate and set aside the foregoing order entered by Judge Farthing, on the ground that the consenting parties had no authority to consent to the order on behalf of the defendant corporation.

The interveners' petition and motion were presented to Judge Farthing on June 6, 1958, and were continued by him with direction that the matter be heard before Judge Pless, Resident Judge. When the cause came on for hearing before Judge Pless on June 21, 1958, an order was entered permitting the petitioners to intervene. Following this, the motion to vacate the order of Judge Farthing was taken up for hearing and was heard upon the plaintiffs' complaint, the interveners' petition, and affidavits filed by both sides. At the conclusion of the hearing, an order was entered in essential part as follows: ". . . after reading the verified complaint and all the affidavits filed by the parties and giving due consideration thereto and to the arguments of counsel, the Court is of the opinion that the said order appointing Receivers should not be vacated or modified; It is, therefore, ORDERED, ADJUDGED AND DECREED that the motion of petitioners to vacate, set aside, or modify the order of Hon. James C. Farthing be, and the same is hereby denied."

From the order so entered, the interveners appeal.

*Hamlin & Hayworth, Potts & Ramsey, and Ward & Bennett for petitioners, appellants.*

*Thomas R. Eller, Jr., and Cecil J. Hill, for the receivers.*

JOHNSON, J.  The only errors assigned by the appellants are (1) that the court erred in refusing to allow the motion to vacate the consent order on the ground that the consenting parties had no authority to consent, and (2) that the court erred in signing the judgment sustaining the consent order.

It is not necessary for us to decide whether the consenting parties had authority to consent to the order of Judge Farthing placing the corporation in receivership. This is so for the reason the order expressly recites it was entered in the discretion of the court, and under applicable statutes the court had full discretionary power and authority to enter the order. These are the applicable statutes:

1. "The superior court shall have power to liquidate the assets and business of a corporation in an action by a shareholder when it is established that: . . . (4) Liquidation is reasonably necessary for the protection of the rights or interests of the complaining shareholder." Ch. 1371, s. 1, P. L. 1955, now codified as G.S. 55-125 (a) (4), 1957 Cumulative Supplement.

2. "When a corporation . . . is in imminent danger of insolvency, . . . a receiver may be appointed by the court under the same regulations that are provided by law for the appointment of receivers in other cases; . . ." G.S. 1-507.1.

True, Judge Farthing's order contains no findings of fact in support of the decree placing the corporation in receivership. Nevertheless, where, as here, an order appointing receivers is made without specific findings of fact and without any request for findings, it will be presumed that the judge accepted as true for the purposes of the order the facts alleged in the complaint, used as an application for receivership. See *Whitehead v. Hale,* 118 N.C. 601, 24 S.E. 360; McIntosh, North Carolina Practice and Procedure, Second Edition, Sec. 2258. Here, the complaint contains allegations that (1) ". . . the defendant has not sold any lumber acquired or manufactured by it in several years at an over-all profit; that all over-all operations have been at a substantial loss to the defendant and the operations now in progress continue to deplete the assets of the company in the sum of approximately $10,000 per month, and if allowed to continue will destroy the value of the assets and seriously damage the stockholders," (2) That in the year 1957 the corporation sustained a net operating loss of more than $96,900, and for the first four months of 1958 a like loss of more than $45,000; and (3) "That because of the manner in which the company has been operated by those now in charge it is in imminent danger of becoming insolvent; . . ." the foregoing allegations and others of like tenor suffice to uphold Judge Farthing's discretionary

order placing the corporation in receivership, and sustain Judge Pless' ruling in refusing to set the order aside.

The proceedings below, of course, are without prejudice to the rights of the interveners to petition the court, if so advised, to discontinue liquidation of the corporation under G.S. 55-128 (1957 Cumulative Supplement).

Affirmed.

PARKER, J., took no part in the consideration or decision of this case.