CARTERET COUNTY GENERAL HOSPITAL CORPORATION, D/B/A CARTERET GENERAL HOSPITAL v. THESSALLY H. MANNING AND WIFE, EDITH MANNING

No. 733DC161

(Filed 23 May 1973)

**Rules of Civil Procedure § 41— nonjury trial — dismissal of claim — failure to find facts**

     The trial court in a nonjury trial erred in dismissing plaintiff's claim at the close of its evidence on the basis of the statute of limitations without making findings of fact as required by G.S. 1A-1, Rule 41(b).

APPEAL by plaintiff from *Phillips, Judge,* 24 October 1972 Session of District Court held in CARTERET County.

This is a civil action instituted by plaintiff, Carteret County General Hospital Corporation, doing business as Carteret General Hospital, on 13 March 1972 to recover of defendants, Thessally H. Manning and wife, Edith Manning, $975.10 for expenses incurred by the feme defendant while a patient at plaintiff hospital during the period 26 October through 13 December 1968. Trial was before the judge without a jury.

The record reveals the following occurred at the close of plaintiff's evidence:

"MR. HAMILTON: Defendant moves for nonsuit, if it please the Court. Motion argued on the basis of the statute of limitations.

COURT: I think you are entitled to your motion. I am going to allow it and let you enter your exceptions."

Thereupon, the trial court entered the following judgment:

> "This matter came on for hearing before the under-signed Judge presiding, sitting without a Jury, and at the close of the Plaintiff's evidence motion having been duly made by the Defendant for nonsuit, and the Court being of the opinion that such motion should be allowed, IT IS THEREUPON
>
> ORDERED: That this action be dismissed and that the Plaintiff be taxed with the costs."

Plaintiff appealed.

*Wheatly & Mason by L. Patten Mason for plaintiff appellant.*

*Hamilton, Hamilton & Phillips by Luther Hamilton, Jr., for defendant appellees.*

HEDRICK, Judge.

This appeal presents for resolution the question of whether the trial court erred in granting defendants' "motion for nonsuit" at the close of plaintiff's evidence.

"When the new rules of Civil Procedure became effective on 1 January 1970, the word *nonsuit* was banished from our civil practice. In nonjury trials the motion for nonsuit has been replaced by the motion for a dismissal, G.S. 1A-1, Rule 41(b) . . . . " *Cutts v. Casey,* 278 N.C. 390, 411, 180 S.E. 2d 297, 307 (1971).

Rule 41(b) in pertinent part provides:

> "After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a)."

Rule 52(a)(1) provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its concusions of law thereon and direct the entry of the appropriate judgment."

The requirement that findings of fact be made by the trial judge is " ' intended to aid the appellate court by affording it a clear understanding of the basis of the trial court's decision, and to make definite what was decided for purpose of res judicata and estoppel. Finally, the requirement of findings should evoke care on the part of the trial judge in ascertaining the facts.' Wright, *Law of Federal Courts* § 96, at 428-29 (1970). *See also* 9 Wright & Miller, *Federal Practice and Procedure* § 2371, at 222 (1971)." *Helms v. Rea,* 282 N.C. 610, 619, 194 S.E. 2d 1, 7 (1973).

In their briefs both parties argue whether plaintiff's claim is barred by the statute of limitations. Obviously, we cannot resolve this question because the facts relative thereto have not yet been found by the trial court.

Since the order dismissing plaintiff's claim is not supported by findings of fact as required by G.S. 1A-1, Rule 41(b), the judgment appealed from is vacated and the cause is remanded to the district court for a

New trial.

Judges BROCK and BRITT concur.