ELIZA BROWN FOWLER AND HUSBAND, PAUL FOWLER; EARL LYTLE AND FLEATA WOODRUFF; MARCELLE GALLOWAY; LONNIE WOODRUFF AND WIFE, MARRINE WOODRUFF; JAMES WOODRUFF AND WIFE, MAGGIE WOODRUFF; GASTON WOODRUFF; ALBERT WOODRUFF AND WIFE, ALMA WOODRUFF; GEORGIANA W. MOCK; INEZ STEELE AND HUSBAND, ALONZO STEELE, PETITIONERS v. MAJOR BERNARD JOHNSON, ONSLOW JOHNSON, CATHY JOHNSON, DOLLY JOHNSON, MINNIE RUTH JOHNSON, PEGGY JOHNSON AND TERESSA JOHNSON, RESPONDENTS

No. 7322SC336

(Filed 25 July 1973)

1. Pleadings § 33; Rules of Civil Procedure § 15— amendment of pleadings to conform to evidence — change in theory of trial

Where respondents in a partitioning proceeding stipulated that the sole issue was whether their grantor, a cotenant of the property, obtained title to the entire tract by adverse possession for 20 years, and respondents proceeded at trial under the theory that their grandmother, also a cotenant, adversely possessed the property for more than 20 years for their grantor, the trial court did not err in the denial of respondents' motion after judgment to amend the pleadings pursuant to G.S. 1A-1, Rule 15(b) to conform to evidence, introduced

as relevant to the stipulated issue of adverse possession of respondents' grantor, that respondents' grandmother adversely possessed the property for herself, since the proposed amendment would change the theory on which the case was actually tried.

2. Trial §§ 6, 40— stipulation as to issues
    Respondents in a partitioning proceeding were bound by their stipulation that the only issue was whether their grantor obtained title to the property by adverse possession.

APPEAL by defendant from *Long, Judge,* September 1972 Session of Superior Court held in DAVIE County.

Petitioners instituted this proceeding to have a certain tract of land sold for partition with the net proceeds from such sale distributed among the tenants in common as their interests may appear. Respondents claimed title to this tract by adverse possession.

The parties either stipulated or admitted the following facts. In 1905, Lunn Brown died intestate, seized of a 41-acre tract of land in Davie County which he had purchased in 1884. He had eleven children, three of whom predeceased him without issue. One of his eight surviving children, Cora Brown Connelly (later Cora Brown Johnson), deeded her undivided interest in the land to Lewis Brown, another of his children, in 1905. In 1919, Lewis Brown deeded one acre of the 41-acre tract to the Davie County Board of Education. In 1963, Lewis Brown conveyed the tract to Minnie L. Johnson for life and then to respondents. Minnie L. Johnson was the wife of Major Johnson, son of Cora Brown Johnson and grandson of Lunn Brown. Respondents are all children of Major and Minnie Johnson, and great-grandchildren of Lunn Brown. Petitioners consist of eight grandchildren of Lunn Brown, and heirs of two deceased grandchildren.

The parties stipulated at a final pretrial conference and again at the beginning of the trial itself that the "only issue involved is whether Lewis Brown obtained title to this tract of land described in the petition by adverse possession under the 20-year statute."

At trial petitioners presented evidence which tended to show the following: that Cora Brown Johnson lived on the land in question from 1922 until her death in 1953; that during this time Cora Johnson occupied the house on the farm, farmed the land, cut timber, and paid taxes; that Lewis Brown had never

lived on the farm or exercised any control over it from the time of his father's death in 1905 until he deeded his interest to Minnie Johnson in 1963.

Respondents claim title to the property in question by virtue of a deed from Lewis Brown to Minnie Johnson for life and then to respondents. Respondents presented evidence which tended to show that Major Johnson had lived on the farm with his mother continuously from 1922 until her death in 1953; that in 1950 Major Johnson had brought his wife, Minnie Johnson, to live at the farm; that Minnie Johnson lived with her husband on the farm from 1950 until her death in 1964; that Major Johnson stayed in possession and control of the farm until 1967; and that the general reputation in the community was that the land belonged to Lewis Brown.

Respondents contend that Lewis Brown obtained title to the farm by virtue of the adverse possession of Cora Johnson. In effect, they contend that Cora Johnson adversely possessed as an agent for Lewis Brown, holding the property adversely to other cotenants, but, at the same time, in subordination to Lewis Brown.

The court found that in 1922 Cora Johnson and her family "took full and complete possession of the place, farmed the land, occupied the house, cut timber, paid the taxes and in general exercised dominion of the premises"; that Cora Johnson remained in possession of the premises until her death in 1953; that from the date of his father's death in 1905 until he deeded his interest to Minnie Johnson in 1963, Lewis Brown did not live on the farm, pay taxes, or exercise any control or authority over the premises; and that Lewis Brown did not acquire title and ownership of the property by adverse possession.

After the judgment had been filed, respondents moved to amend the findings of fact and judgment, and, in the alternative, moved to amend the pleadings pursuant to Rule 15 of the Rules of Civil Procedure to allege that Cora Johnson had adversely possessed the land in question for herself. These motions were denied. The court remanded the proceedings to the Clerk of Court, Davie County, to determine the respective interests of the several petitioners and respondents in accordance with the findings of fact and judgment. Respondents appealed.

*Martin & Martin, by Lester P. Martin, Jr., and Gilbert T. Davis, Jr., for petitioner-appellees.*

*White & Crumpler, by Michael J. Lewis and Sally J. Jackson, for respondent-appellants.*

BROCK, Judge.

Respondents except to the findings of fact in the judgment and to the entry of the judgment itself. Respondents contend that the greater weight of the evidence is sufficient to show that Cora Johnson held the property adversely to the other cotenants, but, at the same time, in subordination to Lewis Brown. This is not the consideration on appeal. The court's findings of fact are conclusive if supported by any competent evidence, and the judgment supported by such findings will be affirmed, even though there is evidence to the contrary. 1 Strong, N. C. Index 2d, Appeal and Error § 57, p. 223.

[1] Respondents assign as error the trial court's refusal to allow their motion to amend the pleadings pursuant to Rule 15 of the Rules of Civil Procedure. Rule 15(b) allowing for amendments to conform to proof already adduced provides, in pertinent part, as follows: "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues."

Respondents stipulated at pretrial conference that "neither party desires further amendments to the pleadings. . . . " They also stipulated, both at pretrial conference and at the start of the trial itself, that the sole issue involved was "whether Lewis Brown obtained title to this tract of land described in the petition by adverse possession under the 20-year statute." At trial respondents proceeded under the theory that Cora Johnson adversely possessed the land in question *for Lewis Brown,* holding the property adversely to other cotenants, but in subordination to Lewis Brown.

After final judgment was entered, respondents moved to amend their pleadings to allege that Cora Johnson adversely

possessed the property *for herself*. Under this theory, respondents claim through Cora Johnson, their grandmother, whatever testate or intestate share to which they are entitled (record does not indicate whether Cora Johnson died testate, or, if so, the provisions of her will).

"The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue *or changes the theory on which the case was actually tried,* even though there is evidence in the record—introduced as relevant to some other issue—which would support the amendment. This principle is sound, since it cannot be fairly said that there is any implied consent to try an issue where the parties do not squarely recognize it as an issue in the trial." (Emphasis added.) 3 J. Moore, Federal Practice Par. 15.13[2] (2nd ed. 1948), p. 991.

In this case, there is evidence—introduced as relevant to the stipulated issue of Lewis Brown's adverse possession—which would support the proffered amendment alleging that Cora Brown adversely possessed the property *for herself*. However, it cannot be fairly said that there was any implied consent to try this issue. The proposed amendment would completely change the theory on which the case was actually tried. Petitioners may very well have operated on a different tack if they had recognized respondents' post-trial theory as being an issue in the trial.

[2] "Unless and until the court is persuaded to modify its pretrial order, the parties are bound by their admissions and stipulations included in the order, and may not contradict its terms. They are bound by their agreement to limit the issues, and may not introduce at trial issues not among those included in the order." 3 J. Moore, Federal Practice Par. 16.19 (2nd ed. 1948), p. 1130. In this case respondents stipulated to the sole issue involved at both the final pretrial conference and the beginning of the trial. Respondents, after final judgment has been entered, seek to avoid their stipulations which were knowingly made and relied on by both parties. No abuse of discretion or error of law has been shown. This assignment of error is without merit.

We have carefully considered respondents' other assignments of error and find them to be without merit.

Affirmed.

Judges VAUGHN and BALEY concur.