W & H GRAPHICS, INC. AND BOBBY E. WINKLER v.
RONALD D. HAMBY

No. 7925SC834

(Filed 5 August 1980)

1. **Corporations § 28; Rules of Civil Procedure § 15.2— amendment of complaint to conform to evidence – no implied consent by defendant**

    In an action by a corporation and one of its stockholders against the other corporate stockholder to recover damages for the wrongful retention of the corporation's property and to obtain an accounting, the trial court erred in permitting the individual plaintiff to amend his complaint to conform to the evidence and seek involuntary dissolution of the corporation pursuant to G.S. 55-125 (a)(4), although the evidence was sufficient to raise an issue as to the reasonable necessity of involuntary dissolution, since the corporation itself is a necessary defendant in an action for involuntary dissolution, and it cannot be said that defendant knew or should have known that the admission of evidence relevant to the issue of involuntary dissolution was directed to that issue and that he was impliedly consenting to a complete realignment of the parties, particularly where the same counsel represented both the individual plaintiff and the corporation. G.S. 1A-1, Rule 15(b).

2. **Rules of Civil Procedure § 6— belated filing of reply – implied finding of justification**

    The trial court's order denying defendant's motion for an entry of default on its counterclaim for failure of plaintiffs to file a reply within the specified period by implication found that plaintiffs' filing of a reply after the specified time was justified pursuant to G.S. 1A-1, Rule 6(b).

3. **Rules of Civil Procedure § 41— nonjury trial – dismissal of claim – failure to find facts**

    The trial court in a nonjury trial erred in failing to make findings of fact to support its entry of judgment dismissing defendant's counterclaim at the close of defendant's evidence. G.S. 1A-1, Rule 41(b).

APPEAL by defendant from *Howell, Judge*. Judgment entered 14 March 1979 in Superior Court, CALDWELL County. Heard in the Court of Appeals 18 March 1980.

Plaintiffs W.H. Graphics, Inc. and Bobby E. Winkler brought this action on 20 March 1978 against defendant Hamby seeking an accounting and damages, alleging that defendant was in wrongful possession of the corporation's property and that he had refused to return it to the corporation after demand had been made upon him to do so.

Plaintiff corporation was formed in 1971 by plaintiff Winkler and defendant Hamby to carry on a printing business. Originally, plaintiff Winkler and defendant Hamby were the sole shareholders and directors, and by resolution of the Board of Directors in June 1971 Winkler was named president and treasurer and Hamby vice president and secretary. During the period that the corporation actively carried on business, Winkler was issued 1315 shares of stock, and Hamby was issued 417 shares. The corporation continued in business until 31 December 1976, at which time the parties agreed to cease doing business and to permit defendant Hamby to continue to use the equipment and other assets of the business. The corporation was not dissolved.

Plaintiffs alleged in their complaint that the agreement was that defendant continue to use the assets until a proper distribution was determined, and that in February 1978 plaintiffs made demand upon defendant to return the property, but that defendant refused to do so. They prayed for damages in the amount of $15,000.00 and for an accounting of the assets of W & H Graphics, Inc.

In his answer filed 17 May 1978 defendant admitted that he and plaintiff Winkler were shareholders in the business, that the parties had agreed to permit defendant to use the assets of the business, and that demand had been made that he return the property to the corporation. He alleged, however, that the parties had agreed since the inception of the business that all profits and ownership be divided equally between him and Winkler, and he alleged that if plaintiff owned 76» of the out-

standing shares in W & H Graphics, Inc., that such shares were never lawfully issued. By way of counterclaim, defendant alleged that the individual plaintiff had mismanaged the business of the corporation, causing it to sustain losses, and that the individual plaintiff had wrongfully withdrawn monies from the corporation. Defendant sought dismissal of plaintiff's complaint under G.S. 1A-1, Rules 12(b)(1) and 12(b)(6), and prayed recovery of $78,010.09 plus interest in damages.

On 17 July 1978, plaintiffs having filed no timely reply to his counterclaim, defendant filed an affidavit with the clerk of superior court of Caldwell County seeking entry of default. Prior to the hearing scheduled before the clerk on 31 July 1978, plaintiffs filed their reply. Following the hearing on 31 July, the clerk refused to enter default. On 31 August 1978 an order was entered by Judge Walker, as presiding judge of Superior Court in Caldwell County, denying defendant's motion for entry of default and for judgment by default.

Following denial of a motion by plaintiffs for summary judgment and of motions by defendant for dismissal of plaintiff's action, the case came on for trial before Judge Howell, sitting without a jury, at the 12 March 1979 civil session of superior court in Caldwell County. All parties presented evidence, and at the close of defendant's evidence, plaintiffs' motion for involuntary dismissal of defendant's counterclaim was granted. At that time the individual plaintiff was permitted to amend his complaint pursuant to G.S. 1A-1, Rule 15(b) to seek involuntary dissolution of the corporation. The trial court entered judgment, making findings of fact as to plaintiff's amended claim for relief and concluding that involuntary dissolution of W & H Graphics, Inc. was reasonably necessary for the protection of the individual plaintiff. The parties were given ten days from the entry of judgment to agree upon an alternative course to dissolution. The order stated that if the parties did not reach agreement within that time, a receiver should be appointed to take possession of the corporate assets for sale and to distribute the proceeds of sale in accordance with the interests of the shareholders in the corporation. From this judgment defendant appealed.

*Billings, Burns & Wells, by W. Joseph Burns and Michael Wells for plaintiff appellees.*

*W.P. Burkhimer for defendant appellant.*

PARKER, Judge.

PLAINTIFFS' CLAIMS FOR RELIEF

[1] The judgment entered 14 March 1979 was based upon the granting of plaintiff Winkler's motion at the close of trial to amend the pleadings to conform to the evidence and seek involuntary dissolution of the corporation pursuant to G.S. 55-125. The validity of that judgment as to plaintiffs' claims for relief depends upon whether the motion to amend was properly granted. We hold that it was not.

G.S. 1A-1, Rule 15(b) provides in part:

*Amendments to conform to the evidence.* — When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues .... .

The purpose in adopting Rule 15(b) was to alter the strict code doctrine of variance which existed under our prior law. *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972); *Mangum v. Surles,* 281 N.C. 91, 187 S.E. 2d 697 (1972). As has been stated concerning the federal counterpart to our own rule:

The purpose of an amendment to conform to proof is to bring the pleadings in line with the actual issues upon which the case was tried; therefore an amendment after judgment is not permissible which brings in some entirely extrinsic issue or changes the theory on which the case was actually tried, even though there is evidence in the record–

introduced as relevant to some other issue– which would support the amendment. This principle is sound, since it cannot be fairly said that there is any implied consent to try an issue where the parties do not squarely recognize it as an issue in the trial.

3 Moore's Federal Practice § 15.13 [2] at 15-171, 15-172 (2d ed.); *accord, Fowler v. Johnson,* 18 N.C. App. 707, 198 S.E. 2d 4 (1973). Balancing the liberal philosophy of Rule 15(b) in favor of amendments against the notion of fairness to opposing parties, our Supreme Court has held that amendment to conform to the evidence is appropriate only where sufficient evidence has been presented at trial without objection to raise an issue not originally pleaded and where the parties understood, or reasonably should have understood, that the introduction of such evidence was directed to an issue not embraced by the pleadings. *Eudy v. Eudy,* 288 N.C. 71, 215 S.E. 2d 782 (1975).

The present case began as a suit brought by W. H. Graphics, Inc. and Bobby Winkler, as a shareholder of plaintiff corporation, to recover damages and to obtain an accounting.[1] Defendant's counterclaim was apparently grounded on the theory that the individual plaintiff had breached his fiduciary duty to the corporation, for which breach he sought a recovery of monetary damages. At trial plaintiff Winkler introduced evidence of the value of the printing equipment and other assets of the corporation which he had alleged defendant had no right to retain. He testified that at the time the parties agreed to cease doing business, plaintiff had proposed that defendant buy him out or buy the stock and keep the equipment and continue doing business as W & H Graphics, Inc. Defendant thereafter used the

---

[1]W & H Graphics was, of course, the real party in interest in this litigation. To the extent that the complaint states a cause of action against defendant Hamby for retention of corporate assets, the cause of action lies in the corporation alone. *Underwood v. Stafford,* 270 N.C. 700, 155 S.E. 2d 211 (1967). Thus, plaintiff was without any real interest in the original controversy. G.S. 1A-1, Rule 21 provides that misjoinder of parties is not ground for dismissal of the action, but that the court, on motion of any party or on its own initiative, may order that a misjoined party be dropped. Defendant in the present case, however, made no such motion under Rule 21.

Graphics, Inc. v. Hamby

equipment in his own business, known as Hamby Printing. On cross-examination, plaintiff testified that he was issued 1305 shares of stock in the corporation in consideration of his payment of $10,000.00 and services previously performed. He identified numerous checks which he had written or cashed for the corporation and testified that most of them were for business purposes.

In turn, defendant offered evidence that during the time W & H Graphics, Inc. was a going business, he had handled the production end of the business, and Winkler the sales and promotion end. Defendant invested $4,000.00 in the business and received "a little over 400 shares of stock." Because of the individual plaintiff's neglect of his duties, the level of business fell between 1974 and 1976. Defendant testified that when the parties ceased doing business as of 31 December 1976, few assets remained. At that time they agreed that plaintiff Winkler would take the accounts receivable and defendant would take the equipment, and that eventually upon dissolution of the corporation, plaintiff and defendant would adjust the amounts received on liquidation to equalize their receipts. After December 1976 defendant opened up his own printing business known as Hamby Printing Company, at the same place of business formerly occupied by W & H Graphics, Inc. and used the equipment of W & H Graphics as well as new equipment he purchased on his own to carry on that business. In a verified affidavit filed prior to trial defendant stated that he held the assets as secretary and stockholder of W & H Graphics, Inc.

G.S. 55-125(a) provides that the superior court shall have power to liquidate the assets and business of a corporation in an action by a shareholder upon proof of any one of four conditions prescribed in that section. Subsection (4), which states one of those conditions, grants power to decree involuntary dissolution where "[l]iquidation is reasonably necessary for the protection of the rights or interests of the complaining shareholder." This statutory provision vests broad equitable powers in the trial court in determining whether a corporation should be involuntarily dissolved, *Royall v. Lumber Co.*, 248 N.C. 735, 105 S.E. 2d 65 (1958); *see, Robinson, North Carolina Corporation Law and Practice,* § 29-11, pp. 592-593 (2d ed. 1974).

The evidence presented in the present case was clearly sufficient to raise an issue as to the reasonable necessity of involuntary dissolution under G.S. 55-125 (a)(4), thereby satisfying the first requirement established in *Eudy v. Eudy, supra* for amendment under Rule 15 (b). The question remains, however, whether the second requirement of *Eudy* was met, that is, that the parties understood, or reasonably should have understood, that this evidence was directed to that issue. We hold that it was not. The necessary defendant in an action for involuntary dissolution of a corporation under G.S. 55-125 is the corporation itself. Shareholders and directors may, but need not be, made parties defendant unless relief is sought against them personally. *Dowd v. Foundry Co.,* 263 N.C. 101, 139 S.E. 2d 10 (1964); *see* G.S. 55-125(e). In the present case, the corporation was a party from the outset of the litigation, but only as a co-party with plaintiff Winkler, and both the individual and the corporate plaintiff were jointly represented by the same counsel. The allowance of Winkler's amendment under Rule 15(b) at the close of trial to state a claim for involuntary dissolution had the effect not only of amending the complaint, but also of realigning W & H Graphics, Inc. as a party defendant. It can hardly be said that defendant knew or should have known that the admission of evidence relevant to the issue of involuntary dissolution was directed to that issue and that he was impliedly consenting to a complete realignment of the parties, particularly where the same counsel represented both Winkler and the corporation. Because the judgment was based on the erroneous allowance of the amendment to the pleadings, it must be vacated.

### DEFENDANT'S COUNTERCLAIM

[2] Defendant contends that he was entitled to default judgment on his counterclaim on the grounds that plaintiffs failed to file timely reply to his pleadings. The counterclaim was filed with the clerk of court and served upon plaintiff by mail on 17 May 1978. As of 17 July 1978 when defendant sought entry of default, plaintiffs had filed no reply, and time for filing had expired. However, twelve days prior to the hearing on 31 July 1978 before the clerk of court on defendant's application for entry of default, plaintiffs did file a reply. Both the clerk of

court and the presiding judge of superior court denied defendant's application for judgment by default based on that filing. We find no error. G.S. 1A-1 Rule 6(b) provides, in part, as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. Upon motion made after the expiration of the specified period, the judge may permit the act to be done where the failure to act was the result of excusable neglect.

Treating plaintiffs' filing of a reply on 19 July 1978 as a motion for enlargement of the time provided for responding, we find inherent in the trial court's order denying defendant's motion for entry of default judgment the conclusion that plaintiff's failure to act was justified under Rule 6(b).

[3] Proceeding to the merits of defendant's counterclaim, we note that the court allowed plaintiff's motion for involuntary dismissal under Rule 41(b) at the close of defendant's evidence. Rule 41(b) provides that "[i]f the court renders judgment on the merits against the plaintiff, the court *shall* make findings as provided in Rule 52(a)." (Emphasis added). The requirement that findings of fact be made is mandatory, and the failure to do so is reversible error. *Hospital Corp. v. Manning*, 18 N.C. App. 298, 196 S.E. 2d 538 (1973). With respect to his counterclaim, defendant in the present case was a "plaintiff" within the meaning of Rule 41(b). When the court entered judgment on plaintiffs' claim for relief, no findings of fact were made to support the dismissal of defendant's counterclaim. For that reason, defendant is entitled to a new trial.

CONCLUSION

The result is, the judgment ordering the involuntary dissolution of W & H Graphics, Inc. and dismissing defendant's

counterclaim with prejudice is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

Vacated and Remanded.

Judges MARTIN (Harry C.) and HILL concur.