LEM YOUNG AND WIFE, LORA E. YOUNG v. KUEHNE CHEMICAL COMPANY, INC., PETER KUEHNE AND JANE KUEHNE

No. 8129DC104

(Filed 15 September 1981)

**Rules of Civil Procedure § 41— nonjury trial—involuntary dismissal—failure to find facts**

The trial court in a nonjury trial erred in failing to make findings of fact to support the entry of judgment granting defendants' motion for involuntary dismissal at the close of plaintiffs' evidence. G.S. 1A-1, Rule 41(b).

APPEAL by plaintiffs from *Hix, Judge.* Judgment entered 7 August 1980 in District Court, TRANSYLVANIA County. Heard in the Court of Appeals 3 September 1981.

Plaintiffs appeal from a judgment which (1) involuntarily dismissed their action pursuant to G.S. 1A-1, Rule 41(b), and

---

\* The cases marked with an asterisk have been overruled on grounds that are not material here.

(2) declared defendants owners of property free and clear of any claim of plaintiffs.

*Jack H. Potts and Paul B. Welch, III, for plaintiff appellants.*

*Boyd B. Massagee, Jr., for defendant appellees.*

WHICHARD, Judge.

Plaintiffs alleged that defendants, by constructing and maintaining a padlocked gate on the only road providing access to plaintiffs' property, obstructed travel to and from their property; and that such obstruction caused depreciation of the property and jeopardy to plaintiffs' health, happiness, and well being. They sought restraint of this impediment and "other and further relief . . . to which they may [have been] entitled." Defendants denied plaintiffs' essential allegations and counterclaimed for a judgment declaring their property free and clear of any claim by plaintiffs.

The court, sitting without a jury, granted defendants' motion at the close of plaintiffs' evidence for involuntary dismissal pursuant to G.S. 1A-1, Rule 41(b). Rule 41(b) provides that a court trying an action without a jury must, when rendering judgment on the merits against the plaintiff, make findings of fact as provided in G.S. 1A-1, Rule 52(a)(1). The judgment here contains no findings.

Defendants contend that findings of fact were not necessary because the court ruled as a matter of law that the evidence could not support a judgment for plaintiffs. The basis of the court's ruling cannot be determined from the judgment, however. Rule 41(b) and cases construing it provide no exception to the requirement that the court make findings of fact. G.S. 1A-1, Rule 41(b); *Graphics, Inc. v. Hamby*, 48 N.C. App. 82, 268 S.E. 2d 567 (1980); *Joyner v. Thomas*, 40 N.C. App. 63, 251 S.E. 2d 906 (1979); *Hospital Corp. v. Manning*, 18 N.C. App. 298, 196 S.E. 2d 538 (1973). "The requirement that findings of fact be made is mandatory, and the failure to do so is reversible error." *Graphics, Inc.*, 48 N.C. App. at 89, 268 S.E. 2d at 571.

The judgment thus is vacated, and the cause is remanded for a

New trial.

Judges HEDRICK and HILL concur.