ALTON P. WALL AND NELL R. WALL v. WILLIE RUFFIN AND ALTA RUFFIN.

(Filed 29 April, 1964.)

1. **Trial § 31—**

   Even in those instances in which a peremptory instruction in favor of the party having the burden of proof is permissible, it is required that the court leave it to the jury to determine the credibility of the testimony, and the instruction must be in such form as to clearly permit a verdict unfavorable to such party in the event the jury finds that the evidence is not of sufficient weight and credibility to carry the burden.

2. **Fraud § 11—**

   Inadequacy of consideration is a circumstance to be considered by the jury in connection with other relevant circumstances on the issue of fraud, and when it is so gross that it shows practically nothing was paid, it may be sufficient to be submitted to the jury without other evidence.

APPEAL by defendants from *Brock, Special Judge*, 2 December 1963 Civil Session of RANDOLPH.

This is an action instituted on 19 January 1962 for the possession of a 30-acre tract of land described by metes and bounds in the complaint, which land the plaintiffs allege they own and that they have demanded possession of the defendants who are in the wrongful possession thereof and who refuse to vacate the premises.

The defendants filed answer denying the plaintiffs are the owners of the property. They admit that they have refused to vacate the premises and allege that the defendants are the owners thereof.

As a further answer and defense, the defendants allege that on 14 February 1961 they executed to Vernie R. Pickett and Kermit Codell Joyce an instrument securing the sum of $650.00; that they were advised they were signing a mortgage on their property and did not at any time agree or intend to sign a deed thereto.

The evidence discloses that on 9 October 1957, Grant Parks conveyed to his daughter, Alta P. Ruffin, the 30-acre tract of land involved herein and that the warranty deed therefor was duly filed for registration in the office of the Register of Deeds of Randolph County on 31 October 1957.

The evidence further discloses that on 5 February 1961 the defendants in consideration of $10.00 and other good and valuable considerations, executed a warranty deed to Vernie R. Pickett and Kermit Codell Joyce for the premises involved, which instrument was duly recorded on 17 February 1961.

On 14 February 1961, Kermit Codell Joyce and wife conveyed a one-half interest in the tract of land involved to Vernie R. Pickett and wife. This instrument was duly recorded on 17 February 1961.

On 11 September 1961, Vernie R. Pickett and wife for a consideration of $3,500 conveyed the premises to the plaintiffs by warranty deed which was duly recorded on 16 September 1961.

Plaintiff Alton P. Wall testified that he owns and lives on a 166 acre farm adjoining the 30 acre tract of land involved in this controversy and had been living there since 1952; that the 30 acre tract of land had a two-story brick house thereon; that "(t)here are several small buildings there, a crib, a smoke-house, a meat house, one or two other little buildings"; that between 700 and 800 feet bordered on the hard surface road. The property is located about 11½ miles from Asheboro, on a rural paved road about two miles from Highway No. 49.

Clotus Craven, a registered surveyor, who made a survey of the property, in testifying for the plaintiff, testified on cross examination that the 30 acre tract of land fronts on the 18-foot hard surface road for a distance of between 1600 and 1700 feet; that Mr. Wall's land bordered this tract on two sides. This witness further testified that in February 1961 the land involved was worth from $150.00 to $175.00 per acre.

The defendants offered evidence tending to show that in February 1961 the land was worth $8,000 to $10,000.

The evidence also tends to show that the defendants never received directly any consideration for the execution of the deed from them to

Pickett and Joyce on 5 February 1961. However, we think the evidence is sufficient to support the inference that the grantees promised to pay an obligation of the defendants in the sum of $650.00 due the Graham Production Credit Corporation. Defendants' evidence tends to show this fact and that the defendants had agreed to sign a mortgage on their farm to secure the above sum.

The court submitted the following issue to the jury which was answered as indicated:

"Are the plaintiffs bona fide purchasers for value and the present owners in fee simple entitled to immediate. possession of the premises described in the complaint? Answer: Yes."

From the judgment entered on the verdict, the defendants appeal, assigning error.

*Deane F. Bell for plaintiff appellees.*
*Ottway Burton for defendant appellants.*

DENNY, C.J. The defendants assign as error the following portion of the charge: "So, under all of the evidence, members of the jury, the court instructs you that if you find the facts to be as all of the evidence in this case, both from the plaintiff and from the defendant, if you find all of the facts to be as all of the evidence tends to show that the facts are, then it would be your duty to answer this one question 'Yes.' In other words, if you believe everything that you have heard in this case and the court instructs you as a matter of law that the plaintiffs are the bona fide purchasers for value and the present owners in fee simple entitled to immediate possession of the premises described in the complaint, and so if you believe all of the evidence, it would be your duty to answer this one issue 'Yes'."

When a peremptory instruction is permissible, conditioned upon the jury finding the facts to be as all the evidence tends to show, the court must leave it to the jury to determine the credibility of the testimony. McIntosh, North Carolina Practice & Procedure, Volume 2, section 1516, page 52, *et seq.*; *Shelby v. Lackey*, 236 N.C. 369, 72 S.E. 2d 757; *Reynolds v. Earley*, 241 N.C. 521, 85 S.E. 2d 904; *Rhodes v. Raxter*, 242 N.C. 206, 87 S.E. 2d 265; *Hunnicutt v. Insurance Co.*, 255 N.C. 515, 122 S.E. 2d 74; *Crisp v. Insurance Co.*, 256 N.C. 408, 124 S.E. 2d 149.

In the last cited case, *Moore, J.*, speaking for the Court, said: "Where the peremptory instruction is favorable to the party having the burden of proof, it must be in such form as to clearly permit a verdict unfavorable to such party in the event the jury finds that the evidence is not of sufficient weight and credibility to carry the burden."

This assignment of error will be sustained.

We concur in the view of the trial judge that the defendants neither pleaded nor proved fraud on the part of the plaintiffs herein. Even so, since there must be a new trial, the defendants may desire to recast their pleadings and make Pickett and Joyce parties to the action and show, if they can, that the deed to them, executed by these defendants, was procured by fraud and that the plaintiffs took their deed with knowledge of the existence of such fraud. There is no evidence tending to show that Pickett and Joyce were ever in possession of the premises or that they ever requested the defendants to vacate the premises.

Be that as it may, the record discloses that this case has been tried three times in the court below. On the first trial, the jury returned a verdict in favor of the defendants and the trial judge set the verdict aside. The second trial ended in a mistrial, and the third in a verdict for the plaintiffs upon erroneous instructions to the jury.

In the case of *Garris v. Scott*, 246 N.C. 568, 99 S.E. 2d 750, *Parker, J.*, speaking for the Court, said: "The controlling principle established by our decisions is that inadequacy of consideration is a circumstance to be considered by the jury in connection with other relevant circumstances on an issue of fraud, but inadequacy of consideration standing alone will not justify setting aside a deed on the ground of fraud. However, if the inadequacy of consideration is so gross that it shows practically nothing was paid, it is sufficient to be submitted to the jury without other evidence. *Leonard v. Power Co.*, 155 N.C. 10, 70 S.E. 1061; *Knight v. Bridge Co.*, 172 N.C. 393, 90 S.E. 412; *Butler v. Fertilizer Works*, 195 N.C. 409, 142 S.E. 483; *Hill v. Ins. Co.*, 200 N.C. 502, 157 S.E. 599; *Hinton v. West*, 207 N.C. 708, 178 S.E. 356. See 24 Am. Jur., Fraud and Deceit, secs. 266 and 284."

The defendants are entitled to a new trial and it is so ordered.

New trial.