MAVIE M. MANGUM, Trustee for MARY B. MATTHEWS v. DERRY THOMAS SURLES and wife, MINNIE MARIE MATTHEWS SURLES

No. 7

(Filed 12 April 1972)

1. **Cancellation and Rescission of Instruments § 10; Fraud § 12— setting aside deed — fraud in the factum — sufficiency of evidence**

    In an action to set aside a deed, plaintiff's evidence was sufficient to make out a *prima facie* case of fraud in the factum where (1) the 79-year-old plaintiff testified that defendants, after asking her "to ride around with them," took her to an attorney's office, that the male defendant asked plaintiff to sign a $500.00 note for him, that she signed because defendants had always been good to her, that no one told her she was signing a deed and, so far as she knows, she never did, (2) it was stipulated that defendants paid no monetary consideration for the deed, and (3) testimony of plaintiff's witnesses tended to show plaintiff's impaired mental and physical condition and that defendants "claimed they were looking after her."

2. **Fraud § 9; Cancellation and Rescission of Instruments § 8; Rules of Civil Procedure § 9— fraud, duress or mistake — pleadings**

    G.S. 1A-1, Rule 9(b), codifies the requirement previously existing in our State practice that the facts relied upon to establish fraud, duress or mistake must be alleged.

3. **Rules of Civil Procedure § 15— evidence outside pleadings — failure to object — trial by implied consent — amendment of pleadings**

    Where no objection is made to evidence on the ground that it is outside the issues raised by the pleadings, the issue raised by the evidence is nevertheless before the trial court for determination, and the pleadings are regarded as amended to conform to the proof even though the defaulting pleader made no formal motion to amend. G.S. 1A-1, Rule 15(b).

4. **Rules of Civil Procedure § 15; Pleadings § 32— amendments to conform to evidence**

    Amendments to conform the pleadings to the proof should always be freely allowed unless some material prejudice is demonstrated.

5. **Cancellation and Rescission of Instruments § 8; Pleadings § 32; Rules of Civil Procedure § 15— evidence outside pleadings — failure to object — trial by implied consent — right to amend pleadings**

    Where, in an action to set aside a deed, plaintiff introduced evidence not supported by the pleadings that defendants fraudulently induced her to sign the deed by representing the instrument to be a note, and defendants failed to object to such evidence on the ground that it is outside the issues raised by the pleadings, plaintiff is entitled as a matter of law to have the issue of fraud submitted to the jury and to amend her complaint to conform her pleadings to the evidence.

Mangum v. Surles

**6. Rules of Civil Procedure § 15; Pleadings § 32— amendment of pleadings — decision on appeal — retrial**

Where an issue not raised by the pleadings has been tried by express or implied consent, answered by the jury or the judge, and the judgment rendered on the verdict has been affirmed on appeal, the failure to amend the pleadings to conform to the evidence does not affect the results of the trial which has been had upon the merits; when, however, a retrial is ordered for failure to submit the issues raised by the evidence but not by the pleadings, failure of the court to allow an amendment in order to conform the pleadings to the proof, or when a dismissal is erroneously entered upon the ground of a fatal variance between allegation and proof, the pleadings should be amended to conform to the evidence during the interval between the decision on appeal and the retrial.

ON *certiorari* to review the decision of the Court of Appeals, reported in 12 N.C. App. 547, 183 S.E. 2d 839, which affirmed the judgment of *Hall, J.*, at the 29 March 1971 Session of HARNETT.

Action to set aside a deed on the grounds of lack of mental capacity, fraud, and undue influence.

The following facts were stipulated: Plaintiff, Mary B. Matthews, was 79 years old on 25 March 1969, when she executed a deed conveying to defendants the land described in the complaint, a 165-acre tract of land in Cumberland County. The deed, which reserved to plaintiff a life estate in the land, has been duly recorded. Defendants are step-grandchildren of plaintiff; they paid no monetary consideration for the deed. On 3 April 1970 plaintiff was declared incompetent by a jury verdict, and Mavie M. Mangum, her duly appointed trustee, prosecutes this action in her behalf.

The complaint was filed 4 May 1970. In addition to the facts stipulated above, it alleges that at the time plaintiff executed the deed in suit she was in a generally poor state of health, possessed of little memory and no will power; that her mental faculties had become greatly impaired by physical weakness; that she was wholly incapable of transacting any business or of making an intelligent and voluntary disposition of her property; that because defendants had previously advised plaintiff in many matters a confidential relation existed between them and her; that defendants were able to obtain plaintiff's signature to the deed because of her lack of mental capacity and their knowledge of it, and doing so constituted "a fraudulent act."

The answer is a general denial of all allegations as to which the facts were not stipulated.

The testimony of witnesses for plaintiff tended to show: On 25 March 1969 she lacked sufficient mental capacity to understand the nature and consequences of making a deed, to know what land she was conveying or to whom and how she was conveying it.

Plaintiff's own testimony, *to which there was no objection,* tended to show: She owns "some property in Cumberland County known as the Cain place," but defendants are trying to take it away from her. If she executed a deed to defendants on 25 March 1969 she doesn't remember it, for she did not do it. D. T. Surles is "no blood relationship" to her, and she had no intention of giving him any of her property because she "didn't have enough." Until October 1969, after a conversation with her tenant on the Cumberland County farm, plaintiff did not know that the property had been deeded away. The information upset her, and she did not understand it because she didn't want the property put in defendants' names. On 25 March 1969 defendants asked her to ride around with them, and they went to Sammy Stephenson's law office. There D. T. Surles asked her "to sign a note." Defendants were always good to her, but she didn't want anybody to say that she gave them her land. She was told she was signing a note in the amount of $500.00 for D. T. No one ever told her she was signing a deed. Stephenson was not her attorney; Robert Morgan was the only lawyer she had ever had, and she had not consulted him about this matter. (Mr. Morgan corroborated this testimony.) She had told defendants she would rent the property to them but never that she would give it to them.

Defendants did not testify; neither did Mr. Stephenson nor the notary public whose certificate of acknowledgment appears on the deed.

The testimony of the witnesses for defendants tended to show: D. T. Surles is the grandson of the second wife of plaintiff's deceased husband. Plaintiff was his third wife. On 25 March 1969 plaintiff was able to transact her own business. She knew what property she owned and understood the nature and effect of a deed. During the late summer of 1968 she told one neighbor she wanted D. T. to have the land, and in the

spring of 1969 she told another she had given it to defendants because they had been good to her and didn't have anything of their own. Sometime during 1969 she told a third neighbor that she wanted to keep her property, for she was depending upon it; that she liked her property and money. This neighbor testified that up until about six months before the trial defendants were frequently at plaintiff's home; "they claimed they were looking after her."

It was the consensus of all defendants' witnesses that approximately six or eight months prior to the trial plaintiff's general condition changed, and her mental faculties declined.

At the conclusion of the evidence defendants moved for a directed verdict on all issues raised by the pleadings. This motion was overruled. The plaintiff moved to be allowed to amend her complaint to conform to the evidence by adding the following allegation:

"That the defendants, at the time Mary B. Matthews signed the deed alleged in the complaint, did with intent to deceive, practice a fraud upon the said Mary B. Matthews by inducing her to sign said instrument while representing the instrument to be a note and knowing the said Mary B. Matthews did not know what she was signing." The motion to amend was denied and plaintiff excepted.

At the same time plaintiff tendered the following three issues: "(1) Did Mrs. Mary B. Matthews on March 25, 1969, have sufficient mental capacity to execute a deed? (2) Was the execution of the deed dated March 25, 1969, procured by undue influence on Mrs. Mary B. Matthews? (3) Was the execution of the deed dated March 25, 1969, procured by fraud on Mrs. Mary B. Matthews?"

Judge Hall declined to submit the second and third issues. He submitted the first, which the jury answered YES. From the judgment entered upon the verdict for defendants, plaintiff appealed to the Court of Appeals.

The Court of Appeals, in an opinion by Judge Hedrick in which Chief Judge Mallard and Judge Campbell concurred, found no error in the trial below. The rationale was that the motion to amend the pleadings was addressed to the discretion of the trial court, no abuse of which appeared, and that plaintiff

was not prejudiced by the denial of her motion to amend or the refusal to submit the tendered issues because "there is no evidence in this record tending to show that the defendants procured the execution of the deed by fraud or undue influence." We allowed certiorari.

*Bryan, Jones, Johnson, Hunter & Greene for plaintiff appellant.*

*Samuel S. Stephenson and David K. Stewart for defendant appellees.*

SHARP, Justice.

Plaintiff's assignments of error raise two questions for consideration: Did the trial judge err (1) in denying plaintiff's motion to amend her complaint to allege fraud in conformity with the evidence and (2) in refusing to submit the issue whether defendants had fraudulently obtained plaintiff's signature to the deed in suit.

[1] The threshold question is whether the Court of Appeals erred in holding that the record contained no evidence tending to show that defendants procured the execution of the deed by fraud. Obviously, if plaintiff produced no such evidence, the proposed amendment and issue were properly refused. However, we are at a loss to understand this ruling by the Court of Appeals or defendants' contention, stated in their brief, that plaintiff offered "not a scintilla of evidence" to show fraud on the part of the defendants. Plaintiff testified that defendants, after asking her "to ride around with them," took her to Mr. Stephenson's law office on 25 March 1969. There D. T. asked her to sign a $500.00 note for him. She signed because he and his wife had always been good to her; that no one ever told her she was signing a deed and, so far as she knows, she never did.

Plaintiff's testimony, the stipulation that defendants paid no monetary consideration for the deed, the evidence tending to show plaintiff's impaired mental and physical condition and that defendants "claimed they were looking after her," were more than sufficient to make out a prima facie case of fraud in the factum. *Mills v. Lynch*, 259 N.C. 359, 130 S.E. 2d 541 (1963); *Furst v. Merritt*, 190 N.C. 397, 130 S.E. 40 (1925). *See Wall v. Ruffin*, 261 N.C. 720, 136 S.E. 116 (1964). If

her testimony was not true, its falsity was peculiarly within defendants' knowledge; yet neither they, nor any of the persons connected with the execution of the deed, took the stand to contradict plaintiff. *See Maxwell v. Distributing Co.*, 204 N.C. 309, 316, 168 S.E. 403, 406 (1933), and cases there cited.

The two questions raised by this appeal are so interrelated they must be treated as one.

[2]   In addition to her lack of mental capacity, plaintiff alleged that the manner and circumstances by which defendants obtained her signature to the challenged deed "constituted a fraudulent act." She did not, as required by G.S. 1A-1, Rule 9(b), state "with particularity" the circumstances constituting the alleged fraud. Rule 9(b) codifies the requirement previously existing in our State practice that the facts relied upon to establish fraud, duress or mistake must be alleged.

Prior to 1 January 1970, the effective date of the Rules of Civil Procedure, absent *allegations* of fact which would constitute fraud if true, evidence of fraud—no matter how complete and convincing—could not be submitted to the jury. Proof without allegation was as ineffective as allegation without proof. *Products Corporation v. Chesnutt*, 252 N.C. 269, 113 S.E. 2d 587 (1960); *Calloway v. Wyatt*, 246 N.C. 129, 97 S.E. 2d 881 (1957); *Colt v. Kimball*, 190 N.C. 169, 129 S.E. 406 (1925); 1 McIntosh, N. C. Practice and Procedure § 990 (2d Ed. 1956). Under this rule, a case which had been tried upon its merits, and judgment entered upon the jury's verdict, could be dismissed in the Supreme Court upon a *demurrer ore tenus* to the complaint. *Howze v. McCall*, 249 N.C. 250, 106 S.E. 2d 236 (1958).

Under the former procedure, because of plaintiff's failure to allege fraud with particularity, Judge Hall's refusal to permit the amendment tendered at the close of the evidence and to submit the issue of fraud would have been unassailable. However, to eliminate the waste, delay, and the injustice which sometimes resulted from belated confrontations between insufficient allegations and plenary proof, Rule 15(b) was enacted. Its first two sentences control this case: "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of

the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues."

Dean Dickson Phillips' comments on Rule 15(b), which are quoted in full in *Roberts v. Memorial Park, ante,* include the following pertinent statements: "A party who fails to object to evidence is of course initially presumed to have given 'implied consent' by silence. He can avoid the effect only by satisfying the court that under the circumstances, his consent to having certain issues considered by the trier of fact should not be implied from his failure to object to particular evidence. This may be a most difficult position to sustain. Counsel cannot in prudence under this rule fail to object to any evidence which seems even remotely to be opening up issues not raised by the pleadings." Phillips, 1970 Supplement to 1 McIntosh, N. C. Practice & Procedure § 970.80.

Rule 15(b), except for one minuscule, immaterial phrase, is a verbatim copy of Federal Rule 15(b); so federal decisions interpreting this rule are apposite. *Sutton v. Duke,* 277 N.C. 94, 176 S.E. 2d 161 (1971). Illustrative cases analogous to the one under consideration are discussed and cited below.

In *Slavitt v. Kauhi,* 384 F. 2d 530 (9th Cir. 1967), a suit against the owners of the Barefoot Bar and two of its employees, plaintiff alleged that Kapana, one of the employees, maliciously threw him down a flight of steps. The plaintiff's evidence showed that Kapana left him in a drunken condition at the top of a flight of stairs and that he was injured when he fell down the stairway. The trial judge refused the plaintiff permission to amend in order to conform pleadings to proof and declined to submit the issue of negligence. On appeal, the court held that Rule 15(b) required the judge to allow the requested amendment and to instruct the jury that it could predicate a verdict for the plaintiff upon the negligence of Kapana, if they found "such to have been the fact." *Accord, Bradford Audio Corporation v. Pious,* 392 F. 2d 67 (2d Cir. 1968) (official immunity not pleaded, but evidence of it considered); *United States Fidelity & Guaranty Co. v. United States,* 389 F. 2d 697 (10th Cir. 1968); *Mazer v. Lipshultz,* 360 F. 2d 275 (3d Cir. 1966) (although release given by plaintiff to an alleged

joint feasor not pled, evidence considered and case decided on merits) ; *Zappia v. Baltimore & Ohio Railroad Company*, 312 F. 2d 62 (6th Cir. 1963) (although contributory negligence not pleaded, under the evidence, issue properly tried by court) ; *Hasselbrink v. Speelman*, 246 F. 2d 34 (6th Cir. 1957) (sudden emergency not pleaded but evidence thereof required judge to submit issue to jury.)

In *Hester v. New Amsterdam Casualty Company*, 287 F. Supp. 957 (D.S.C. 1968), involving the issue of fraud, the court said: "Rule 15(b) also applies to fraud when the issue as to its existence is tried by the implied consent of the parties. It is proper for the court to treat the issue of fraud as if it had been raised in the pleadings." *Id.* at 972. *Accord, United States v. Cushman*, 136 F. 2d 815 (9th Cir. 1943).

In *J. C. Millett Co. v. Distillers Distributing Corp.*, 258 F. 2d 139 (9th Cir. 1958), after specific and uncontradicted evidence establishing a breach was introduced, the plaintiff moved to amend its complaint to conform to this proof. The trial judge's denial of the motion was reversed on appeal. The court emphasized that Rule 15(b) *requires* that leave to amend be freely granted unless the objecting party satisfies the court that the amendment will prejudice him *upon the merits. Accord, Cramer v. Hoffman*, 390 F. 2d 19 (2d Cir. 1968) ; *Lomartira v. American Automobile Insurance Co.*, 371 F. 2d 550 (2d Cir. 1967) ; *United States v. Stephen Brothers Line*, 384 F. 2d 118 (5th Cir. 1967) ; *Securities and Exchange Commission v. Rapp*, 304 F. 2d 786 (2d Cir. 1962) ; *Decker v. Korth*, 219 F. 2d 732 (10th Cir. 1955) ; *Watson v. Cannon Shoe Co.*, 165 F. 2d 311 (5th Cir. 1948) ; *Bradford Audio Corporation v. Pious, supra.*

[3, 4] The foregoing decisions establish that where no objection is made to evidence on the ground that it is outside the issues raised by the pleadings, the issue raised by the evidence is nevertheless before the trial court for determination. The pleadings are regarded as amended to conform to the proof even though the defaulting pleader made no formal motion to amend. Failure to make the amendment will not jeopardize a verdict or judgment based upon competent evidence. If an amendment to conform the pleadings to the proof should have been made in order to support the judgment, the Appellate Court will presume it to have been made. However, amendments should always be freely allowed unless some material prejudice

is demonstrated, for it is the essence of the Rules of Civil Procedure that decisions be had on the merits and not avoided on the basis of mere technicalities. See 3 Moore's Federal Practice § 15.13 (1968).

[5, 6] In this case plaintiff was entitled as a matter of law to have the issue of fraud submitted. It follows, therefore, that she was also entitled as a matter of law to amend her complaint to conform her pleadings to the evidence. Since there must be a new trial, orderly procedure, compliance with Rule 9(b), and good technique now require that the amendment *actually* be made. In the situation where an issue not raised by the pleadings has been tried by express or implied consent, answered by the jury or the judge, and the judgment rendered on the verdict has been *affirmed* on appeal, the failure to amend should not, and does not, affect the results of the trial which has been had upon the merits. The litigation is ended. When, however, a *retrial* is ordered for failure to submit the issues raised by the evidence but not by the pleadings, failure of the court to allow an amendment in order to conform the pleadings to the proof, or when a dismissal or directed verdict is erroneously entered upon the ground of a fatal variance between allegation and proof, as pointed out by Justice Branch in *Roberts v. Memorial Park, ante,* practical considerations intervene. The judge who presides at the retrial is entitled to know the theory and the state of the case confronting him without having to review the transcript of the case on appeal. Where the rules require specificity or affirmative pleading the pleadings should conform to the evidence, and there can be little justification for a failure to conform them during the interval between the decision on appeal and the retrial. The case is entitled to this protection.

The decision of the Court of Appeals is reversed. The cause will be remanded to the Superior Court for a trial de novo upon amended pleadings.

*Reversed.*