IN THE SUPREME COURT OF NORTH CAROLINA

No. 42PA17

Filed 17 August 2018

MARIA VAUGHAN

v.

LINDSAY MASHBURN, M.D. and LAKESHORE WOMEN'S SPECIALISTS, PC

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 795 S.E.2d 781 (2016), affirming an order entered on 27 August 2015 by Judge Stanley L. Allen in Superior Court, Iredell County. Heard in the Supreme Court on 13 December 2017.

*Hedrick Gardner Kincheloe & Garofalo, LLP, by Patricia P. Shields and Joshua D. Neighbors; Shapiro, Appleton & Duffan, P.C., by Kevin M. Duffan and Richard N. Shapiro; and Collum & Perry, PLLC, by Travis E. Collum, for plaintiff-appellant.*

*Parker Poe Adams & Bernstein LLP, by Chip Holmes and Bradley K. Overcash, for defendant-appellees.*

*Law Office of D. Hardison Wood, by D. Hardison Wood; and Knott & Boyle PLLC, by W. Ellis Boyle, for North Carolina Advocates for Justice, amicus curiae.*

*Roberts & Stevens, P.A., by Phillip T. Jackson and Eric P. Edgerton, for North Carolina Association of Defense Attorneys, amicus curiae.*

HUDSON, Justice.

Here we are asked to decide whether a medical malpractice plaintiff may amend a timely filed complaint to cure a defective Rule 9(j) certification after the statute of limitations has run, when the expert review required by Rule 9(j) occurred before the filing of the original complaint. The Court of Appeals concluded that Rule 9(j) does not permit a plaintiff to amend in these circumstances and affirmed the trial court's dismissal of plaintiff's medical malpractice complaint. *Vaughan v. Mashburn*, ___ N.C. App. ___, 795 S.E.2d 781 (2016). Because we conclude that the procedures plaintiff followed here are consistent with the letter and spirit of Rule 9(j), we reverse the decision of the Court of Appeals and remand to the trial court for further proceedings.

Background

On 3 May 2012, plaintiff underwent a laparoscopic hysterectomy at Lake Norman Regional Medical Center in Mooresville, North Carolina. The operation was performed by defendant Lindsay Mashburn, M.D., a physician who practices in the area of obstetrics and gynecology and who is an employee of defendant Lakeshore Women's Specialists, PC. Plaintiff alleges that during this surgery defendant Mashburn "inappropriately inflicted an injury and surgical wound to the Plaintiff's right ureter" resulting in "severe bodily injuries and other damages."

In October 2014, plaintiff's original counsel contacted Nathan Hirsch, M.D., a specialist in obstetrics and gynecology who had performed approximately one hundred laparoscopic hysterectomies, and provided Dr. Hirsch all of plaintiff's

medical records pertaining to defendants' alleged negligence. After reviewing these records, Dr. Hirsch informed plaintiff's counsel on 31 October 2014 that in his opinion, the care and treatment rendered to plaintiff by defendants during and following the 3 May 2012 operation violated the applicable standard of care and that he was willing to testify to this effect.

Plaintiff filed a medical malpractice complaint against defendants on 20 April 2015 within the time afforded by the applicable statute of limitations, which expired on 3 May 2015.[1] In accordance with the special pleading requirements of section (j) ("Medical malpractice") of Rule 9 ("Pleading special matters") of the North Carolina Rules of Civil Procedure, plaintiff alleged in the complaint:

> Plaintiff avers that the medical care received by [plaintiff] complained of herein has been reviewed by persons who are reasonably expected to qualify as expert witnesses under Rule 702 of the North Carolina Rules of Evidence and who are willing to testify that the medical care provided did not comply with the applicable standard of care.

In making this assertion, however, plaintiff inadvertently used the certification language of a prior version of Rule 9(j), which stated:

> (j)    Medical malpractice. — Any complaint alleging medical malpractice by a health care provider as defined in G.S. 90-21.11 in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> (1) The pleading specifically asserts that *the medical*

---

[1] Pursuant to N.C.G.S. §§ 1-15(c) and 1-52, medical malpractice actions must be brought within three years of the last allegedly negligent act of the physician.

> *care has been reviewed* by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]

N.C.G.S. § 1A-1, Rule 9 (2009) (emphasis added). In 2011 the legislature amended Rule 9(j), and the rule now provides, in pertinent part:

> (j) Medical malpractice. — Any complaint alleging medical malpractice by a health care provider pursuant to G.S. 90-21.11(2)a. in failing to comply with the applicable standard of care under G.S. 90-21.12 shall be dismissed unless:
>
> > (1) The pleading specifically asserts that the medical care *and all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry* have been reviewed by a person who is reasonably expected to qualify as an expert witness under Rule 702 of the Rules of Evidence and who is willing to testify that the medical care did not comply with the applicable standard of care[.]

*Id.*, Rule 9 (2017) (emphasis added); *see also* Act of June 13, 2011, ch. 400, sec. 3, 2011 N.C. Sess. Laws 1712, 1713. Thus, plaintiff's Rule 9(j) certification omitted an assertion that "all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry" had been reviewed as required by the applicable rule.

On 10 June 2015, defendant Mashburn filed a motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, asserting that the complaint

failed "to state a claim upon which relief can be granted." Two days later, defendants filed an answer, which incorporated by reference defendant Mashburn's motion to dismiss. On 30 June 2015, plaintiff filed a motion for leave to file an amended complaint under Rule 15(a) of the North Carolina Rules of Civil Procedure to "add[ ] a single sentence to paragraph 21 of Plaintiff's original Complaint that accurately reflects the events that occurred prior to the filing of Plaintiff's original Complaint," specifically that "all medical records pertaining to the alleged negligence that are available to Plaintiff after reasonable inquiry have been reviewed before the filing of this Complaint," as required by Rule 9(j). In support of her motion for leave to file an amended complaint, plaintiff submitted to the trial court an affidavit of her original trial counsel, an affidavit of Dr. Hirsch, and her responses to defendants' Rule 9(j) interrogatories—all indicating that Dr. Hirsch reviewed plaintiff's medical care and related medical records before the filing of plaintiff's original complaint.

Following a hearing on 10 August 2015, the trial court entered an order on 27 August granting defendants' motion to dismiss, denying plaintiff's motion for leave to file an amended complaint, and dismissing plaintiff's complaint with prejudice. In its order the trial court stated:

> 1.     Plaintiff's Original Complaint, filed on April 20, 2015, did not comply with Rule 9(j) of the North Carolina Rules of Civil Procedure, as amended effective October 1, 2011, in that the pleading did not specifically assert that the Plaintiff's medical expert reviewed **all medical records pertaining to the alleged negligence that are available to the Plaintiff after reasonable inquiry**.

> 2. Plaintiff's Motion for Leave to File an Amended Complaint, filed on June 30, 2015, is denied as being futile because the proposed amendment to Plaintiff's Original Complaint does not relate back to the filing date of Plaintiff's Original Complaint, and the statute of limitations ran on May 3, 2015.

Plaintiff appealed from the trial court's order to the Court of Appeals.

At the Court of Appeals plaintiff argued that the trial court's ruling was erroneous and that under this Court's decision in *Thigpen v. Ngo*, 355 N.C. 198, 558 S.E.2d 162 (2002), a plaintiff may amend a defective Rule 9(j) certification and receive the benefit of relation back under Rule 15(c) so long as there is evidence "the review occurred before the filing of the original complaint." The Court of Appeals disagreed, noting that *Thigpen* was inapposite because the Court in that case did not address the issue of relation back under Rule 15(c). *Vaughan*, ___ N.C. App. at ___, 795 S.E.2d at 784-85. Relying instead on its own precedent in *Alston v. Hueske*, 244 N.C. App. 546, 781 S.E.2d 305 (2016), and *Fintchre v. Duke University*, 241 N.C. App. 232, 773 S.E.2d 318 (2015), the Court of Appeals determined that it was "again compelled by precedent to reach 'a harsh and pointless outcome' as a result of 'a highly technical failure' by [plaintiff's] trial counsel—the dismissal of a non-frivolous medical malpractice claim and the 'den[ial of] any opportunity to prove her claims before a finder of fact.'" *Id.* at ___, 795 S.E.2d at 788 (quoting *Fintchre*, 241 N.C. App. at 246, 773 S.E.2d at 327 (Stephens, J., concurring)). The court held that "where a medical malpractice 'plaintiff did not file the complaint with the *proper* Rule 9(j) certification

*before the running of the statute of limitation*, the complaint cannot have been deemed to have commenced within the statute.'" *Id.* at ___, 795 S.E.2d at 788 (quoting *Alston*, 244 N.C. App. at 554, 781 S.E.2d at 311 (emphases added)). Accordingly, the Court of Appeals affirmed the ruling of the trial court. *Id.* at ___, 795 S.E.2d at 788-89.

Plaintiff filed a petition for discretionary review, which this Court allowed on 16 March 2017.

Analysis

Plaintiff argues that she should be permitted to amend her medical malpractice complaint under Rule 15(a) to correct a purely technical pleading error when doing so would enable the plaintiff to truthfully allege compliance with Rule 9(j) before both the filing of the initial complaint and the expiration of the statute of limitations. Further, plaintiff contends that such an amendment can relate back under Rule 15(c) so as to survive a motion to dismiss pursuant to Rule 9(j) and the applicable statute of limitations. We agree.

The outcome of this case hinges on the interaction between N.C.G.S. § 1A-1, Rule 9(j), as set forth above, and N.C.G.S. § 1A-1, Rule 15, which governs amendments to pleadings. "Statutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to each." *Bd. of Adjust. v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993) (citing *Jackson v. Guilford Cty. Bd. of Adjust.*, 275 N.C. 155, 167, 166 S.E.2d 78, 86 (1969)).

Rule 15 provides, in pertinent part:

(a) Amendments. — A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within 30 days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within 30 days after service of the amended pleading, unless the court otherwise orders.

. . . .

(c) Relation back of amendments. — A claim asserted in an amended pleading is deemed to have been interposed at the time the claim in the original pleading was interposed, unless the original pleading does not give notice of the transactions, occurrences, or series of transactions or occurrences, to be proved pursuant to the amended pleading.

N.C.G.S. § 1A-1, Rule 15 (2017). "A motion to amend is addressed to the discretion of the trial court." *Henry v. Deen*, 310 N.C. 75, 82, 310 S.E.2d 326, 331 (1984). When the trial court's ruling is based on a misapprehension of law, the order will be vacated and the case remanded to the trial court for further proceedings. *See Concerned Citizens of Brunswick Cty. Taxpayers Ass'n v. State ex rel. Rhodes*, 329 N.C. 37, 54-55, 404 S.E.2d 677, 688 (1991) ("When the order or judgment appealed from was entered under a misapprehension of the applicable law, the judgment, including the findings of fact and conclusions of law on which the judgment was based, will be vacated and the case remanded for further proceedings." (citing *Davis v. Davis*, 269 N.C. 120, 127, 152 S.E.2d 306, 312 (1967))). While "[a] judge's decision in this matter

will not be reversed on appeal absent a showing of abuse of discretion[,] . . . amendments should be freely allowed unless some material prejudice to the other party is demonstrated." *Mauney v. Morris*, 316 N.C. 67, 72, 340 S.E.2d 397, 400 (1986) (first citing *Henry*, 310 N.C. at 82, 310 S.E.2d at 331; then citing *Mangum v. Surles*, 281 N.C. 91, 98-99, 187 S.E.2d 697, 702 (1972)); *see also id.* at 72, 340 S.E.2d at 400 ("The burden is upon the opposing party to establish that that party would be prejudiced by the amendment." (first citing *Roberts v. Reynolds Mem'l Park*, 281 N.C. 48, 58-59, 187 S.E.2d 721, 727 (1972); then citing *Vernon v. Crist*, 291 N.C. 646, 654, 231 S.E.2d 591, 596 (1977))).

This "liberal amendment process" under Rule 15 "complements the concept of notice pleading embodied in Rule 8," 1 G. Gray Wilson, *North Carolina Civil Procedure* § 15-1, at 15-2 to 15-3 (3d ed. 2007) [hereinafter Wilson, Civil Procedure], and reflects the legislature's intent "that decisions be had on the merits and not avoided on the basis of mere technicalities," *Mangum*, 281 N.C. at 99, 187 S.E.2d at 702 (citation omitted); *see also Roberts*, 281 N.C. at 56, 187 S.E.2d at 725 ("The new Rules achieve their purpose of insuring a speedy trial on the merits of a case by providing for and encouraging liberal amendments to conform pleadings and evidence under Rule 15(a), by pretrial order under Rule 16, during and after reception of evidence under Rule 15(b), and after entry of judgment under Rules 15(b), 59 and 60."). "There is no more liberal canon in the rules than that leave to amend 'shall be freely given when justice so requires.'" Wilson, *Civil Procedure* § 15-3, at 15-5.

In addressing the applicability of Rule 15 in the context of a medical malpractice complaint, we must also consider the legislative intent behind Rule 9(j). *See Brown v. Kindred Nursing Ctrs. E., L.L.C.*, 364 N.C. 76, 80, 692 S.E.2d 87, 89 (2010) (concluding that in addressing "the extent to which Rule 9(j) allows a party to amend a deficient medical malpractice complaint[,] . . . the specific policy objectives embodied in Rule 9(j) must be considered").

"Rule 9(j) serves as a gatekeeper, enacted by the legislature, to prevent frivolous malpractice claims by requiring expert review *before* filing of the action." *Moore v. Proper*, 366 N.C. 25, 31, 726 S.E.2d 812, 817 (2012) (citing *Thigpen*, 355 N.C. at 203-04, 558 S.E.2d at 166); *see also* Minutes of N.C. House Select Comm. on Tort Reform, *Hearing on H. 636 & H. 730*, 1995 Reg. Sess. (Apr. 19, 1995) [hereinafter *Hearing*] (comments by Rep. Charles B. Neely, Jr.) (explaining that "[t]he bill attempts to weed out law suits which are not meritorious *before they are filed*" (emphasis added)). As the caption of the 1995 legislation states, *see* Act of June 20, 1995, ch. 309, 1995 N.C. Sess. Laws 611, 611 ("An Act to Prevent Frivolous Medical Malpractice Actions by Requiring that Expert Witnesses in Medical Malpractice Cases Have Appropriate Qualifications to Testify on the Standard of Care at Issue and to Require Expert Witness Review as a Condition of Filing a Medical Malpractice Action"), the rule seeks to accomplish its purpose in two ways:

> First, the legislature mandated that an expert witness must review the conduct at issue and be willing to testify at trial that it amounts to malpractice before a lawsuit may

-10-

> be filed. Second, the legislature limited the pool of appropriate experts to those who spend most of their time in the profession teaching or practicing.

*Moore*, 366 N.C. at 37, 726 S.E.2d at 820 (Newby, J., concurring in part and concurring in the result) (citing ch. 309, secs. 1, 2, 1995 N.C. Sess. Laws at 611-13). Thus, the rule averts frivolous actions by precluding any filing in the first place by a plaintiff who is unable to procure an expert who both meets the appropriate qualifications and, after reviewing the medical care and available records, is willing to testify that the medical care at issue fell below the standard of care.

The Court of Appeals correctly noted that this Court has not addressed, in *Thigpen* or in any other case, the precise issue raised here involving the interplay between Rule 15 and Rule 9(j). We find our previous decisions, particularly *Brisson v. Kathy A. Santoriello, M.D., P.A.*, 351 N.C. 589, 528 S.E.2d 568 (2000), instructive in resolving the question presented here.

In *Brisson* the plaintiffs' claims stemmed from injuries allegedly sustained during an abdominal hysterectomy performed on the female plaintiff on 27 July 1994. 351 N.C. at 591-92, 528 S.E.2d at 569. The plaintiffs filed a timely medical malpractice action on 3 June 1997 but failed to include a Rule 9(j) expert certification in their complaint. *Id.* at 591-92, 528 S.E.2d at 569. On the basis of this defect, the defendants moved to dismiss the plaintiffs' complaint. *Id.* at 591-92, 528 S.E.2d at 569. The plaintiffs then filed a motion to amend their complaint, along with an attached affidavit of their counsel, asserting that "a physician has reviewed the

-11-

subject medical care, but it was inadvertently omitted from the pleading." *Id.* at 592, 528 S.E.2d at 569-70. The plaintiffs also filed a motion in the alternative to voluntarily dismiss their complaint without prejudice under Rule 41(a)(1) of the North Carolina Rules of Civil Procedure. *Id.* at 592, 528 S.E.2d at 570. After the trial court denied the plaintiffs' motion to amend but reserved ruling on the defendants' motion to dismiss, the plaintiffs voluntarily dismissed their claims against defendants under Rule 41(a)(1) on 6 October 1997. *Id.* at 592, 528 S.E.2d at 570.

Similar to Rule 15(c)'s "relation back" provision, Rule 41(a)(1) includes a one-year "saving provision" for voluntary dismissals, providing that "[i]f an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal." N.C.G.S. § 1A-1, Rule 41(a)(1) (2017). Thus, "a plaintiff may 'dismiss an action that originally was filed within the statute of limitations and then refile the action after the statute of limitations ordinarily would have expired.'" *Brisson*, 351 N.C. at 594, 528 S.E.2d at 571 (quoting *Clark v. Visiting Health Prof'ls, Inc.*, 136 N.C. App. 505, 508, 524 S.E.2d 605, 607, *disc. rev. denied*, 351 N.C. 640, 543 S.E.2d 867 (2000)).

Accordingly, within one year of their voluntary dismissal, the plaintiffs filed a new complaint on 9 October 1997 that included the Rule 9(j) certification. *Id.* at 592, 528 S.E.2d at 570. The defendants filed an answer and moved for judgment on the

pleadings, asserting that the plaintiffs' claims were barred by the statutes of limitations and repose. *Id.* at 592, 528 S.E.2d at 570. The trial court entered an order granting the defendants' motion for judgment on the pleadings, ruling that the plaintiffs' original 3 June 1997 complaint "d[id] not extend the statute of limitations in this case because it d[id] not comply with Rule 9(j)" and that the subsequent 9 October 1997 complaint was barred by the statute of limitations. *Id.* at 592, 528 S.E.2d at 570. After the Court of Appeals reversed the trial court's ruling, this Court granted the defendants' petition for discretionary review. *Id.* at 593, 528 S.E.2d at 570.

We first noted that the plaintiffs' voluntary dismissal under Rule 41(a)(1) rendered the plaintiffs' motion to amend "neither dispositive nor relevant to the outcome of this case" and that the sole issue was whether the voluntary dismissal under Rule 41(a)(1) "effectively extended the statute of limitations by allowing plaintiffs to refile their complaint against defendants within one year, even though the original complaint lacked a Rule 9(j) certification." *Id.* at 593, 528 S.E.2d at 570. In resolving this issue, we rejected the defendants' contention that the plaintiffs' failure to comply with Rule 9(j) in their first complaint rendered the one-year "saving provision" of Rule 41(a)(1) inapplicable. *Id.* at 594, 528 S.E.2d at 571. Regarding the interplay between Rule 41(a)(1) and Rule 9(j), we concluded:

> This Court has repeatedly stated that "[s]tatutes dealing with the same subject matter must be construed *in pari materia* and harmonized, if possible, to give effect to

each." *Board of Adjust. v. Town of Swansboro*, 334 N.C. 421, 427, 432 S.E.2d 310, 313 (1993). On these facts, we must look to our Rules of Civil Procedure and construe Rule 9(j) along with Rule 41. Although Rule 9(j) clearly requires a complainant of a medical malpractice action to attach to the complaint specific verifications regarding an expert witness, the rule does not expressly preclude such complainant's right to utilize a Rule 41(a)(1) voluntary dismissal. Had the legislature intended to prohibit plaintiffs in medical malpractice actions from taking voluntary dismissals where their complaint did not include a Rule 9(j) certification, then it could have made such intention explicit. In this case, the plain language of Rule 9(j) does not give rise to an interpretation depriving plaintiffs of the one-year extension pursuant to their Rule 41(a)(1) voluntary dismissal merely because they failed to attach a Rule 9(j) certification to the original complaint. "[T]he absence of any express intent and the strained interpretation necessary to reach the result urged upon us by [defendants] indicate that such was not [the legislature's] intent." *Sheffield v. Consolidated Foods Corp.*, 302 N.C. 403, 425, 276 S.E.2d 422, 436 (1981).

*Id.* at 595, 528 S.E.2d at 571. Accordingly, we determined that the plaintiffs' voluntary dismissal of their original 3 June 1997 complaint—though it lacked a proper Rule 9(j) expert certification—extended for one year the statute of limitations pursuant to Rule 41(a)(1) and rendered the plaintiffs' subsequent 9 October 1997 complaint timely filed. *Id.* at 597, 528 S.E.2d at 573. In closing, we noted that our decision

merely harmonizes the provisions of Rules 9(j) and 41(a). A frivolous malpractice claim with no expert witness pursuant to Rule 9(j) still meets the ultimate fate of dismissal. Likewise, a meritorious complaint will not be summarily dismissed without benefit of Rule 41(a)(1), simply because of an error by plaintiffs' attorney in failing

> to attach the required certificate to the complaint pursuant
> to Rule 9(j).

*Id.* at 598, 528 S.E.2d at 573. Regarding the additional issue of whether "an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisf[ies] the requirements of Rule 9(j)," we concluded that discretionary review was improvidently allowed. *Id.* at 597, 528 S.E.2d at 573. That issue subsequently arose in *Thigpen*.

In *Thigpen* the alleged medical malpractice occurred in June 1996. 355 N.C. at 199, 558 S.E.2d at 163. Rule 9(j) allows a plaintiff, before expiration of the statute of limitations, to file "a motion to extend the statute of limitations for a period not to exceed 120 days to file a complaint in a medical malpractice action in order to comply with this Rule." N.C.G.S. § 1A-1, Rule 9(j). In accordance with this provision, on 8 June 1999, before the expiration of the three-year statute of limitations, the plaintiff filed a motion to extend the statute of limitations for 120 days in order to file a complaint. *Thigpen*, 355 N.C. at 199, 558 S.E.2d at 163. The trial court granted the plaintiff's motion and entered an order extending the statute of limitations through 6 October 1999. *Id.* at 199, 558 S.E.2d at 164.

On the final day of the extended deadline, the plaintiff filed her medical malpractice complaint but failed to include the Rule 9(j) expert certification. *Id.* at 200, 558 S.E.2d at 164. On 12 October 1999, six days after the extended statute of limitations had expired, the plaintiff filed an amended complaint "including a

certification that the 'medical care has been reviewed' by someone who would qualify as an expert." *Id.* at 200, 558 S.E.2d at 164. The defendants then filed motions to dismiss on the basis that the plaintiff's amended complaint was not filed before expiration of the extended statute of limitations. *Id.* at 200, 558 S.E.2d at 164. The trial court granted the defendants' motions and dismissed with prejudice the plaintiff's complaint, finding that "Plaintiff's original Complaint did not contain a certification that the care rendered by Defendants had been reviewed by an expert witness reasonably expected to testify that the care rendered to Plaintiff did not comply with the applicable standard of care as required by Rule 9(j)." *Id.* at 200, 558 S.E.2d at 164. After a split decision of the Court of Appeals, in which the majority reversed the trial court, the defendants appealed to this Court. *Id.* at 198-99, 200, 558 S.E.2d at 163-64.

As an initial matter, we determined that "the interplay between Rule 9(j) and Rule 15" was "neither dispositive nor relevant to th[e] case" and further, that *Brisson* was factually distinguishable and therefore inapposite. *Id.* at 200-01, 558 S.E.2d at 164. We then noted that

> [t]he General Assembly added subsection (j) of Rule 9 in 1995 pursuant to chapter 309 of House Bill 730, entitled, "An Act to Prevent Frivolous Medical Malpractice Actions by Requiring that Expert Witnesses in Medical Malpractice Cases Have Appropriate Qualifications to Testify on the Standard of Care at Issue and to Require Expert Witness Review as a Condition of Filing a Medical Malpractice Action." Act of June 20, 1995, ch. 309, 1995 N.C. Sess. Laws 611. The legislature specifically drafted

> Rule 9(j) to govern the initiation of medical malpractice actions and to require physician review as a condition for filing the action. The legislature's intent was to provide a more specialized and stringent procedure for plaintiffs in medical malpractice claims through Rule 9(j)'s requirement of expert certification prior to the filing of a complaint. Accordingly, permitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature.

*Id.* at 203-04, 558 S.E.2d at 166. Because the plaintiff's original complaint failed to comply with Rule 9(j), we concluded that the trial court correctly dismissed the complaint.

Next, we addressed an issue for which we granted discretionary review (and for which we concluded discretionary review had been improvidently allowed in *Brisson*)—whether "an amended complaint which fails to allege that review of the medical care in a medical malpractice action took place before the filing of the original complaint satisfies the requirements of Rule 9(j)." *Id.* at 204, 558 S.E.2d at 166. Consistent with our prior discussion of legislative intent, we held that it does not. *Id.* at 204, 558 S.E.2d at 166. Specifically, we determined that

> [t]o survive dismissal, the pleading must "specifically assert[ ] that the medical care *has been reviewed*." N.C.G.S. § 1A-1, Rule 9(j), para. 1(1), (2) (emphasis added). Significantly, the rule refers to this mandate twice (in subsections (1) and (2)), and in both instances uses the past tense. *Id.* In light of the plain language of the rule, the title of the act, and the legislative intent previously discussed, it appears review must occur *before* filing to withstand dismissal. Here, in her amended complaint, plaintiff simply alleged that "[p]laintiff's medical care *has*

> *been reviewed* by a person who is reasonably expected to qualify as an expert witness." (Emphasis added.) There is no evidence in the record that plaintiff alleged the review occurred before the filing of the original complaint. Specifically, there was no affirmative affidavit or date showing that the review took place before the statute of limitations expired. Allowing a plaintiff to file a medical malpractice complaint and to then wait until after the filing to have the allegations reviewed by an expert would pervert the purpose of Rule 9(j).

*Id.* at 204, 558 S.E.2d at 166-67. Thus, *Thigpen* emphasizes that because expert review is a condition of initiating a medical malpractice action in the first place, the review must occur before the filing of an original complaint.[2] Because the plaintiff's proposed amended complaint still failed to comply with Rule 9(j), it was unnecessary to address whether the amended complaint—had it been in compliance—could have received the benefit of relating back to the filing date of the original complaint under Rule 15(c). Accordingly, we concluded that discretionary review was improvidently allowed regarding the issue of "whether a plaintiff who files a complaint without expert certification pursuant to Rule 9(j) can cure that defect after the applicable statute of limitations expires by amending the complaint as a matter of right and

---

[2] We again emphasized the necessity of the expert review occurring before filing in *Brown,* in which the plaintiff filed his complaint first and then attempted to utilize Rule 9(j)'s 120-day extension in order to conduct the expert review. *See Brown*, 364 N.C. at 80, 692 S.E.2d at 90 ("[P]laintiff's sole reason for requesting an extension of the statute of limitations is inconsistent with the General Assembly's purpose behind enacting Rule 9(j). Here, plaintiff did not move for a 120-day extension to locate a certifying expert before filing his complaint. Rather, plaintiff alleged malpractice first and then sought to secure a certifying expert. This is the exact course of conduct the legislature sought to avoid in enacting Rule 9(j).").

having that amendment relate back to the date of the original complaint." *Id.* at 204-05, 558 S.E.2d at 167.

That latter issue is similar in significant respect to the one raised here, though the proposed amended complaint in *Thigpen* was attempted as "a matter of course," whereas plaintiff here sought to amend "by leave of court," which, as previously noted, "shall be freely given when justice so requires." N.C.G.S. § 1A-1, Rule 15(a). With that "liberal canon" in mind, we now conclude that much of the rationale behind our decision in *Brisson* is similarly applicable here and, in conjunction with the legislative intent behind Rules 15 and 9(j), leads to a result that is consistent with *Thigpen* and was forecast in part by our discussion in that case. *See, e.g.*, *Thigpen*, 355 N.C. at 204, 558 S.E.2d at 166 ("[P]ermitting amendment of a complaint to add the expert certification where the expert review occurred after the suit was filed would conflict directly with the clear intent of the legislature. . . . There is no evidence in the record that plaintiff alleged the review occurred before the filing of the original complaint. Specifically, there was no affirmative affidavit or date showing that the review took place before the statute of limitations expired.").

Our conclusion in *Brisson* that "the plain language of Rule 9(j) does not give rise to an interpretation depriving plaintiffs of the one-year extension pursuant to their Rule 41(a)(1) voluntary dismissal merely because they failed to attach a Rule 9(j) certification to the original complaint," 351 N.C. at 595, 528 S.E.2d at 571, has similar application here. Just as Rule 9(j) "does not expressly preclude such

complainant's right to utilize a Rule 41(a)(1) voluntary dismissal," *id.* at 595, 528 S.E.2d at 571, Rule 9(j) does not preclude plaintiff's right to utilize a Rule 15(a) amended complaint or her right to have the amended complaint relate back to the date of the original filing under Rule 15(c). As we noted in *Brisson*, "[h]ad the legislature intended to prohibit plaintiffs in medical malpractice actions from" filing an amended complaint and receiving the benefit of relation back under Rule 15(c), "then it could have made such intention explicit." *Id.* at 595, 528 S.E.2d at 571. Further, "[t]he absence of any express intent and the strained interpretation necessary to reach the result urged upon us by [defendants] indicate that such was not [the legislature's] intent." *Id.* at 595, 528 S.E.2d at 571 (quoting *Sheffield*, 302 N.C. at 425, 276 S.E.2d at 436). Moreover, we find persuasive that when the legislature amended Rule 9(j) in 2001, Act of May 17, 2001, ch. 121, sec. 1, 2001 N.C. Sess. Laws 232, 232-33, and again in 2011, more than a decade after *Brisson*, ch. 400, sec. 3, 2011 N.C. Sess. Laws at 1713, it did not include any amendments rejecting that decision. *See Brown*, 364 N.C. at 83, 692 S.E.2d at 91-92 (" 'The legislature's inactivity in the face of the Court's repeated pronouncements' on an issue 'can only be interpreted as acquiescence by, and implicit approval from, that body.' " (quoting *Rowan Cty. Bd. of Educ. v. U.S. Gypsum Co.*, 332 N.C. 1, 9, 418 S.E.2d 648, 654 (1992))). Similar to *Brisson*, we reject defendants' contention here that the defect in plaintiff's Rule 9(j) certification in her original, timely filed complaint failed to "toll" the statute of limitations, thereby depriving plaintiff of relation back under Rule

15(c). Accordingly, we conclude that a plaintiff in a medical malpractice action may file an amended complaint under Rule 15(a) to cure a defect in a Rule 9(j) certification when the expert review and certification occurred before the filing of the original complaint. Further, such an amended complaint may relate back under Rule 15(c).

We again emphasize that in a medical malpractice action the expert review required by Rule 9(j) must occur before the filing of the original complaint. This pre-filing expert review achieves the goal of "weed[ing] out law suits which are not meritorious before they are filed." *Hearing* (comments by Rep. Neely). But when a plaintiff prior to filing *has* procured an expert who meets the appropriate qualifications and, after reviewing the medical care and available records, is willing to testify that the medical care at issue fell below the standard of care, dismissing an amended complaint would not prevent frivolous lawsuits. Further, dismissal under these circumstances would contravene the principle "that decisions be had on the merits and not avoided on the basis of mere technicalities." *Mangum*, 281 N.C. at 99, 187 S.E.2d at 702. As in *Brisson,* our decision "merely harmonizes" the provisions of Rule 9(j) and Rule 15. 351 N.C. at 598, 528 S.E.2d at 573. "A frivolous malpractice claim with no expert witness pursuant to Rule 9(j) still meets the ultimate fate of dismissal. Likewise, a meritorious complaint will not be summarily dismissed without benefit of Rule [15], simply because of an error by [plaintiff's] attorney in failing to attach the required certificate to the complaint pursuant to Rule 9(j)." *Id.* at 598, 528 S.E.2d at 573.

Here plaintiff alleged in her 20 April 2015 complaint that the expert review of the "medical care" had occurred as required by Rule 9(j) but failed to assert that "all medical records pertaining to the alleged negligence that are available to the plaintiff after reasonable inquiry" had been included in that review. After the statute of limitations expired on 3 May 2015, plaintiff filed a motion to amend by leave of court in order to correct her defective Rule 9(j) certification and assert that "all medical records pertaining to the alleged negligence that are available to Plaintiff after reasonable inquiry" had been reviewed before the filing of the original complaint. In support of her motion for leave to file an amended complaint, plaintiff submitted to the trial court an affidavit of her original trial counsel, an affidavit of her medical expert, Dr. Hirsch, and her responses to defendants' Rule 9(j) interrogatories—all indicating that Dr. Hirsch reviewed plaintiff's medical care and related medical records before the filing of plaintiff's original complaint. Defendants do not contend that anything in the record indicates that the expert review did not take place before the filing of the original complaint. Because plaintiff's amended complaint corrected a technical pleading error and made clear that the expert review required by Rule 9(j) occurred before the filing of the original complaint, the amended complaint complied with Rule 9(j) and may properly relate back to the date of the original complaint under Rule 15(c). Accordingly, the trial court's denial of plaintiff's motion to amend as being futile was based on a misapprehension of law. The decision of the

Court of Appeals to the contrary is reversed, and this case is remanded for further proceedings.

As a final matter, this Court allowed discretionary review of the issue of whether "the trial court abuse[d] its discretion in denying [plaintiff's] motion to amend when [plaintiff] filed a motion to amend within 120 days of the expiration of the statute of limitations, and verified by affidavits that her proposed Rule 9(j) certification factors all had occurred inside the statute of limitations."  As to this issue, we hold that discretionary review was improvidently allowed.

REVERSED    AND    REMANDED;    DISCRETIONARY    REVIEW IMPROVIDENTLY ALLOWED IN PART.